Melviu H. Ostebman, J.
This is a claim for the appropriation of eight parcels of property located in the Village of Monticello in Sullivan County, designated as Map No. 66 R-l, Parcels Nos. 90, 91, 92, 123; Map No. 84, Parcel No. 122; Map No. 85, Parcel No. 124 and Map No. 91, Parcels Nos. 130 and 131, all of which were filed in the office of the County Clerk of Sullivan County on April 22,1958.
The subject property consisted of approximately 16.15 acres of unimproved land for which a subdivision map had been filed *250 by the claimant in 1951. The proposed subdivision development, less certain parcels contained thereon which were owned by others, comprised approximately 7.62 acres, leaving 8.53 acres remaining of unplotted land. As of the date of the taking, there existed 34 unsold plots of which 6 were front lots abutting Liberty Street and 28 were rear lots designed in a horseshoe pattern running in a semicircular direction from each corner front lot. In addition there was a proposed street laid out in an irregular semicircular direction, having its entrance opposite Crystal Street and its exit between Lots Nos. 16 and 17.
The within proceeding appropriated a total of eight parcels, Nos. 122, 123, 124, 91, 130 and 131, all being within the plotted area; No. 92, a permanent easement for drainage purposes being wholly contained within the unplotted acreage; and No. 90, being located primarily in the plotted area, but containing .2 acres, out of a total of .781 acres, in the unplotted area.
It should be noted that both the claimant and the State agree that the highest and best use of this property is for subdivision purposes and although no further development after the 1951 filing took place, the court readily finds justification in evaluating this property on the basis of its use as a subdivision development (4 Nichols, Eminent Domain [3d ed.], § 12.3142).
Secondly, we must turn to the question of the damages to be awarded as a result of the elimination of the exit portion of the horseshoe access (Parcels Nos. 130, 131). However unusable that exit portion has been rendered as a result of this taking, there is no question that access from the Crystal Street end of the property is still available. Consequently access has not been totally destroyed, but rather its plan has been rendered somewhat less convenient. So long as available access remains no damages may be awarded because such access has been made somewhat less convenient (Nettleton v. State of New York, 11 A D 2d, 899; Matter of Smith v. Gagliardi, 2 Misc 2d 1005, affd. 2 AD 2d 698).
Finally, before turning to the question of value, we must comment on the method of appraisal used by both the State and the claimant’s real estate experts. Basically, the claimant’s appraiser valued this property by determining each lot value and by assessing damages according to the injury to each such lot; while the State’s appraiser used the acreage method of determining total value of the property and assessing damages by determining that portion of acreage affected by the taking.
The court finds that neither method of appraisal is, as a matter of law, improper in this type of subdivision case (Hazard Lewis Farms v. State of New York, 1 A D 2d 923), but under the *251 particular facts and circumstances of this claim we find that a better method would be to value the lots not upon their being integral and marketable parts of a completed development, but rather as parts of a potential development and to give them an increment in value because of that potentiality of use.
We now turn to the question of value and damages.
In the subject proceeding, Parcel No. 122 appropriated a strip approximately 24 feet deep long the frontage of Lot 1A: Parcel No. 123 appropriated a strip approximately 24 feet deep along the frontage of Lot 1; Parcel No. 124 appropriated a strip of approximately 30 feet deep in the access road at its entrance opposite Crystal Street; Parcels Nos. 130 and 131 appropriated a portion of the property wholly located in the exit portion of the access road; Parcel No. 91 appropriated all of Lot 16 and approximately 90% of Lot 15; Parcel No. 90 appropriated all of Lots 17 and 18, 90% of Lot 19, 75% of Lot 20, and 30% of Lot 21, as well as .2 acres of rear unplotted land; Parcel No. 92 (a permanent easement which shall be treated as a fee taking by the court) appropriated approximately .061 acres of rear unplotted land.
With all of the foregoing considerations in mind and with due regard for the property’s highest and best use as a subdivision development, the use and development which had occurred prior to the taking and the condition of the land remaining after the taking, the court finds that the fair and reasonable market value of the subject property before the taking was $60,000 including the value of the improvement located in the rear of Parcel No. 123.
The court further finds that the fair and reasonable market value of the property after the appropriation was $41,600, leaving a difference of $18,400 which represents the amount by which this claimant has been damaged both directly and consequentially by this proceeding. Further, the court finds that on the $18,400 damage sustained by the claimant, $9,500 represents direct damage and $8,900 represents consequential damages to the property remaining after the taking.
Accordingly, the claimant herein shall have judgment against the State of New York in the amount of $18,400, with interest thereon from the 22d day of April, 1958, to the 22d day of October, 1958, and from the 16th day of June, 1959, to the entry of judgment herein.
This claim has not been assigned nor submitted to any other tribunal for audit and determination. The court has viewed the property.