■ MARGUERITE N. HEWITT et al., Respondents, v. STATE OF NEW YORK et al., Appellants. (Claim No. 35792.) MARGUERITE N. HEWITT, Respondent, v. STATE OF NEW YORK et al., Appellants. (Claim No. 37796.) — Judgment in favor of claimants unanimously modified on the law and facts in accordance with memorandum and as modified affirmed, without costs of this appeal to any party. Certain findings of fact disapproved and reversed and new findings made. Memorandum: The claimants were the owners of certain vacant land in the Town of Lewiston, Niagara County. There are two claims, one for a taking of 105.194 acres owned by all of the claimants, and one for a taking of .670 acre owned by Mrs. Hewitt alone. Included in Mrs. Hewitt's claim was a prayer for consequential damage to 2.025 acres landlocked by the appropriation but remaining in her name. There is no question but that the land involved was in a residential zone and that its best and highest use at the time was as a potential real estate subdivision. It had been a farm but had not been used as such for several years. The State appraised the land as raw acreage and the claimants appraised it as though it had been subdivided at the time of taking. Actually it had not been so subdivided; no maps had been filed and no lots offered for sale. Some preliminary plans had been prepared but had not been acted upon. The court below determined the value of the tract by computing the total market value of the proposed lots in the hypothetical subdivision suggested by the claimants. The court found a value of $3,500 per lot and then deducted the estimated cost of development of this hypothetical subdivision. This method of valuation was highly speculative and improper. The correct rule to be applied under the existing conditions was to treat the premises not as raw acreage nor as part of a completed development but as a potential subdivision site giving the acreage an increment in value because of that potential use. (*Lasko* v. *State of New York,* 14 A D 2d 637; *Berger* v. *State of New York,* 31 Misc 2d 249; see, also, *Buena Park School Dist.* v. *Metrim Corp.,* 176 Cal. App. 2d 255; 4 Nichols, Eminent Domain [3d ed.], § 12.314.) The value of the land was explored thoroughly upon the trial. We find therefrom that the value of the land was $2,250 per acre giving due consideration to all factors involved, including the subdivision potential. In computing the award the value of the landlocked 2.025 acres not appropriated must be deducted. In view of the consequential damage to this remaining land as the result of the appropriation, we find that its value after the appropriation was $245. We find that the total value of the 107.889 acres was $242,750.25 less the value of the land remaining of $245, leaving a total of $242,505.25. That sum is to be apportioned to the claimants as follows: Claim No. 35792 reduced to $236,686.50 and Claim No. 37796 reduced to $5,818.75, both with interest from March 25, 1958, the date of the *de facto* taking. The judgment as so modified should be affirmed. (Appeal from judgment of the Court of Claims for claimants on claims for permanent appropriation of realty.) Present — Williams, P. J., Bastow, Halpern, McClusky and Henry, JJ. [33 Misc 2d 868.]