### (July 8, 1968)

■ OLIVE M. CLEARWATER, Respondent, v. STATE OF NEW YORK, Appellant. (Claim No. 42375.) — GABRIELLI, J. Appeal by the State from a judgment of the Court of Claims in a highway appropriation case, which was previously remitted for appropriate findings (see 28 A D 2d 936, in which the essential facts appear) in accordance with which an amended decision of the Court of Claims has been filed. For direct and consequential damages, claimant has been awarded $31,490. In arriving at a before value, the court allocated a value of $8,200 for the frontage land (at $10 per front foot for 820 feet to a depth of 200 feet) and $35,250 (at $500 per acre) for the remaining land. The court found the after value to be $11,960 by allocating a value of $8 per foot for the frontage land and $5,400 for the remaining land. Upon remittal, no additional proof was offered by either party pursuant to stipulation, and the court made new findings as to the before and after values. In doing so, the court made no change in the $500 per acre before value of the acreage to the rear of the frontage land and stated that this per acre value included an increment of $100 because of its potential use for residential development; and again found its highest and best use before the taking to be for farm land. The only evidence as to its value as such was supplied by the State's expert who stated its worth to be $240 per acre while the claimant's expert valued it as residental property. Additionally, there was no testimony as to any increment in value because of its potential use as a subdivision site. Any finding as to increment reflected by the decision which appears to rest on the subjective judgment of the court without any basis in the evidence cannot be sustained. (*Matter of City of New York [A. & W. Realty Corp.*], 1 N Y 2d 428, 433.) There is no testimony to support the valuation of $400 per acre as farm land nor is there any evidence, sufficient or otherwise, to support the found value of the increment as required by *Melander* v. *State of New York* (26 A D 2d 748) and *Durso* v. *State of New York* (28 A D 2d 803). The court having

found the highest and best use to be for farm land, it was obliged to accept the only testimony as to its valuation (*Triple Cities Shopping Center* v. *State of New York*, 26 A D 2d 744, 746, affd. 22 N Y 2d 683), or supply an explanation for reaching a higher valuation (*Stiriz* v. *State of New York*, 26 A D 2d 964), which it did not do. There is, however, support in the record for the court's determination of the values as to the frontage land and its ultimate finding of damages therefor in the sum of $1,640; and upon the proof presented we also find the damages attributable to the acreage to the rear of the frontage land to be $13,672. Accordingly, we find the fair and reasonable market value before the appropriation was $25,120; that the value after the taking was $9,808; and total damages to the claimant of $15,312. Judgment modified, on the law and the facts, so as to reduce the award to $15,312 and appropriate interest and, as so modified, affirmed, without costs. Gibson, P. J., Reynolds, Aulisi, Staley, Jr., and Gabrielli, JJ., concur in memorandum by Gabrielli, J.