CHARLES J. WALDENMAIER, Appellant, *v.* STATE OF NEW YORK, Respondent. (Claim No. 43840.)

Third Department, November 25, 1969.

*William J. Schoonmaker* for appellant.

*Louis J. Lefkowitz, Attorney-General (Jean M. Coon* and *Ruth Kessler Toch* of counsel), for respondent.

COOKE, J. This is an appeal from a judgment, entered July 6, 1966, upon a decision of the Court of Claims, which awarded claimant $15,205, plus interest, as damages for the appropriation on November 14, 1961 of portions of his real estate in Albany County for highway purposes.

The subject property comprised 26½ acres divided by a narrow strip owned by the City of Albany for water supply purposes. The portion east of the water line fronted on Elsmere Avenue and contained 15 acres from which were appropriated 2.17 acres, leaving a .3 acre parcel isolated. From the 11.5 acres west of the water line, the State appropriated 4.685 acres and isolated the remaining 6.815 acres. The parties agree that the best use of all of claimant's property was residential in accordance with existing zoning regulations.

The Court of Claims followed neither the claimant's subdivision values nor the State's raw acreage values but gave an increment to the land on finding that the property had a potential use for a residential development, without any separate specification as to the raw acreage value and the increment resulting from residential development. The court concluded that the value of the easterly portion was $1,500 per acre and that of the westerly $1,000 per acre but it is impossible to determine what fraction of the court's award represents raw acreage and what fraction represents the increment. There should have been set out the found acreage value and the found increment rather than just the final per acre figure in order that this court can review intelligently those determinations (*Holl* v. *State of New York,* 30 A D 2d 592; *Clearwater* v. *State of New York,* 28 A D 2d 936; *Golden Park Realty Corp.* v. *State of New York,* 28 A D 2d 605). Furthermore, whenever such an increment must be added to the raw acreage value to reflect a property's subdivision potential, the specific increment which is selected and applied must be based upon sufficient evidence and be satisfactorily explained (*Ridgeway Assoc.* v. *State of New York,* 32 A D 2d 851, 852; *Clearwater* v. *State of New York,* 30 A D 2d

883, affd. 23 N Y 2d 1006) and, here, no evidence was submitted pertaining thereto.

Evidentiary questions also have been raised. The trial court did not err in refusing to take testimony of sales of developed lots to show the value of the appropriated property which was undeveloped and not subdivided, since, even assuming such a measure of damages was proper, there was no evidence as to the cost of developing this particular property (cf. *Tarricone* v. *State of New York*, 23 A D 2d 804; *Barra* v. *State of New York*, 22 A D 2d 750; *Hewitt* v. *State of New York*, 18 A D 2d 1128). Estimates of an engineer based on an average cost of development are highly speculative unless it is demonstrated that this property is like other area property upon which his cost figures are based.

Under the circumstances of this case, evidence of the sale of comparable lands by a trustee in bankruptcy was not admissible insofar as it was not made in the ordinary course of business as required by section 16 of the Court of Claims Act and as not being a sale free from stress and between a willing seller and a willing buyer (*Matter of 860 Fifth Ave. Corp.* v. *Tax Comm. of City of N. Y.*, 8 N Y 2d 29, 31; *Village of Lawrence* v. *Greenwood*, 300 N. Y. 231, 237).

Section 16 of the Court of Claims Act permits the court to consider comparable sales '' made within a reasonable time of the vesting of title in the state '', it being in the court's discretion as to the outer limits of time within which sales, either before or after the appropriation, will be deemed comparable (cf. *Dormann* v. *State of New York*, 4 A D 2d 979, mot. for lv. to app. den. 4 N Y 2d 676). One of the claimant's comparable sales occurred over three years after appropriation and at a time when the property's value quite naturally was enhanced by construction of the project out of which this action arose (cf. *Latham Holding Co.* v. *State of New York*, 16 N Y 2d 41, 47) and, under the circumstances, the court was warranted in excluding testimony concerning claimant's third comparable sale.

The judgment should be reversed, on the law and the facts, and a new trial ordered, without costs.

HERLIHY, P. J., REYNOLDS, STALEY, JR., and GREENBLOTT, JJ., concur.

Judgment reversed, on the law and the facts, and a new trial ordered, without costs.