COUNTY OF NIAGARA, Appellant, *v.* PAULA C. DONOHUE et al., Respondents.

Fourth Department, December 3, 1970.

Samuel L. Tavano, County Attorney (*F. Warren Kahn* of counsel), for appellant.

*George M. Donohue* for respondents.

*Per Curiam.* The county appropriated some 23 acres of land owned by defendants. The land was raw acreage but the real estate experts for the respective parties were in agreement that the highest and best use of the property was for residential development. The correct rule of appraisal is "to treat the premises not as raw acreage nor as part of a completed development but as a potential subdivision site giving the acreage an increment in value because of that potential use." (*Hewitt* v. *State of New York,* 18 A D 2d 1128.)

This rule was ignored by the respective experts. Both valued the property on a front footage basis as though it had been already subdivided. The appraiser for the owners presented ten comparable sales. Nine of them were sales of developed residential lots. While the tenth was an acreage sale it lacked probative value because of the failure of the witness to make a monetary adjustment between the comparable sale and subject land. (Cf. *Geffen Motors* v. *State of New York,* 33 A D 2d 980.)

The testimony of the county's appraiser was similarly lacking in evidentiary weight or value. He, as stated, valued the property on a front footage basis for a total of $13,372 and in addition reached approximately the same total value ($13,320) on a per acre valuation of $575. The record is silent but presumably this latter opinion was its value as raw acreage without any increment for its potential residential use.

This confusion in the testimony of the respective experts is reflected in the report of the Commissioners. They first found that the highest and best use of subject property was residential —not residential development. They then ambiguously fixed value for the " 23.166 potential subdivision acres of vacant land including increment in value considering such potentiality at $1800 per acre ".

It follows that the record is devoid of evidence to support the award because " Any finding as to increment reflected by the decision which appears to rest on the subjective judgment of the court without any basis in the evidence cannot be sustained." (*Clearwater* v. *State of New York,* 30 A D 2d 883.)

The judgment and order should be reversed, the report of the Commissioners set aside, and a rehearing directed before new Commissioners to be appointed by Niagara County Court.

GOLDMAN, P. J., MARSH, MOULE, BASTOW and HENRY, JJ., concur.

Judgment and order unanimously reversed on the law and facts, without costs, report of Commissioners set aside, and rehearing directed before new Commissioners to be appointed by Niagara County Court.