■ Augustus P. Glennon et al., Respondents, v. State of New York, Appellant. (Claim No. 50742.) — Judgment unanimously affirmed, with costs. Memorandum: We affirm the award made by the trial court of $24,840 for 4.1 acres of unimproved land in the Town of Chili zoned residential E which was totally appropriated by the State. We note, however, that the trial court's valuation of $3,000 per acre made upon claimant's comparables, all of which had an enhanced value due to an imminent zoning change not properly applicable to land zoned residential E was error (*Matter of City of New York* [*A. & W. Realty Corp.*], 1 N Y 2d 428, 433). and it was also error to increase this figure by 100% because of the possibility of securing a zoning change to permit multiple residences without offering any explanation or reason for this percentage enhancement. Such increment ascribed to a reasonable probability of a zoning change must have a basis in the evidence (*South Path Realty Corp.* v. *State of New York,* 35 A D 2d 896). We conclude, however, that claimant's comparables indicate an adjusted price per acre of $8,000, reflecting the value of residential land enhanced by the possibility of a zoning change, provided sufficient proof to support the trial court's award. Such comparables are proper so long as they are adjusted to " reflect a diminished figure for the fact that the rezoning has not actually been accomplished " (*Yochmowitz* v. *State of New York,* 25 A D 2d 930, mot. for lv. to app. den. 18 N Y 2d 579). Thus, while the probability of an imminent zoning change may be considered in valuing the property, it " necessarily requires a discount from full commercial value" (*Dennis* v. *State of New York,* 24 A D 2d 924, 925; *Masten* v. *State of New York,* 11 A D 2d 370, affd. 9 N Y 2d 796). (Appeal from judgment of Court of Claims in claim for damages for permanent appropriation.) Present — Marsh, J. P., Moule, Cardamone and Henry, JJ.