HOWARD T. HOGAN et al., Respondents-Appellants, *v.* STATE OF NEW YORK, Appellant-Respondent. (Claim No. 51179.)

Third Department, May 24, 1973.

*Louis J. Lefkowitz*, Attorney-General (*Henderson G. Riggs* and *Ruth Kessler Toch* of counsel), for appellant-respondent.

*Mudge, Rose, Guthrie, Alexander & Mitchell* (*Henry Root Stern, Jr.* and *Jon Noel Santemma* of counsel), for respondents-appellants.

*Per Curiam.* This is an appeal by the State and cross appeal by the claimants from a judgment of the Court of Claims,

entered September 5, 1972, which awarded the sum of $840,000 plus appropriate interest to the claimants for the appropriation of approximately 8.8 acres of their property.

In 1954–1955 the claimants acquired a large tract of land in Suffolk County (approximately 55 acres) bounded in part by County Route No. 25 and County Route No. 58. In 1969 the State appropriated approximately 8.8 acres of the land, substantially reducing the frontage and access along Route No. 58. That it was a valuable parcel of land is best evidenced by the proof offered by all of the parties and that claimants are entitled to substantial direct damages as a result of the taking is for all intents and purposes admitted.

The State contends that there are no consequential damages, upon the ground that remaining access is adequate regardless of former highest and best use. It further contends that there is no change in highest and best use. This is premised on the alleged error by the court in finding the before value to be for a regional shopping center.

The record establishes that there was ample probative evidence to support the trial court's finding of a highest and best use before appropriation as a regional shopping center and a change in such use to industrial park purposes after the appropriation.

Among other things, the State seeks reversal of the judgment based upon two alleged errors which, as a matter of law, would necessitate reversing the judgment and granting a new trial.

1. May " benefits " be properly considered by the trial court in determining the value of the land after the taking?

The answer is " Yes ". It is conceivable, based on the evidence and a view of the premises, that a Judge, on his own motion, might find benefits accruing to the property resulting from the appropriation and thus adjust the damages. If so found, the court should, in detail, set forth its reasons for so finding. (Cf. *Angus* v. *State of New York*, 32 A D 2d 863, 864, affd. without opn. 32 N Y 2d 827.) The party claiming the " benefits " must present the proof to sustain its contention. Here, the State offered no proof and the court found as requested by the claimants: " 41. There is no evidence in this case of any enhancement in value of the subject property or any of the comparable sales due to the project itself." Upon the present record, such finding did not constitute error.

2. In evaluating appropriated property, should the court consider the reasonable probability of changes in the zoning regulations?

This poses a more serious problem. The court ruled quite properly that it was the date of the appropriation that controlled. It further found that the appraisal reports contained no statements of the probabilities of changes in the zoning ordinances. For both reasons, the State was restricted in its attempt to prove such probabilities. The State made the following request to find which was "Refused Except As Found": " IV. The existence of a reasonable probability that the zoning might be changed qualifies such probability as a factor in the determination of value and such probability existed in regard to the claimants' property. *Masten* v. *State*, 11 A D 2d 370, aff'd. 9 N Y 2d 796." The court, as part of its decision, stated: " It must be pointed out that shortly after the appropriation, the zoning of subject remainder changed from Industrial 1 and Industrial 2 to Industrial A. The new zoning prohibits the use of subject remainder as a regional shopping center. However, as a result of the appropriation, subject's use as a regional shopping center has been destroyed. The only practical use for subject after the appropriation would be for development as an industrial park, which was a permitted use under the old zoning ordinance and is permitted by the new zoning ordinance."

The record shows that, while many of the questions asked by the Attorney-General upon cross-examination with reference to this issue were improper in form, the objection was not sustained upon those grounds, but upon the court's erroneous interpretation of the law. However, the issue was placed unequivocally in the record and before the court by the claimants when they introduced in evidence Exhibit 63, a map of " zoning use districts " of the Town of Riverhead, Suffolk County, dated May 5, 1969 and which, as found by the court, prohibited the claimants' property from use as a regional shopping center. A witness testified that the new zoning ordinance became effective May 27, 1969, approximately three months subsequent to the appropriation (March, 1969). Proof of the probability of rezoning is permissible in an appropriation case and a factor to be considered by the court in arriving at fair and reasonable compensation. (See *Masten* v. *State of New York, supra*; 4 Nichols, Eminent Domain [3d ed.], § 12.322[1].)

Under the circumstances, the error is of such consequence that a new trial is required, the court having found the highest and best before use of the property was as a regional shopping center. In most instances, it would be a factual issue for the court's determination. Here, the proof may well demonstrate that, as a matter of law, the court could not make such a finding

as to the before use (cf. 4 Nichols, Eminent Domain [3d ed.], § 12.322[2]). However, we keep open that issue subject to a retrial.

The judgment should be reversed, on the law, and a new trial ordered, without costs.

HERLIHY, P. J., GREENBLOTT, COOKE, MAIN and REYNOLDS, JJ., concur.

Judgment reversed, on the law, and a new trial ordered, without costs.