Gabrielli, J.
The sole issue presented by the State’s appeal may be phrased as follows: When there is a partial taking of real property through the State’s exercise of its power of eminent domain, may special and general benefits accruing to the remaining land be used to offset the direct damages attributable to the land actually taken by the State?
On February 9, 1970, the State appropriated. approximately 22 acres of land from the claimant’s tract of 193 acres on the east side of Route 9W in the Town of New Baltimore, Greene County, to construct a new Thruway interchange. As a result of the partial taking, both the claimant’s and the State’s appraisal experts agreed that the remaining property was enhanced in value by its proximity to the proposed new interchange. The trial court awarded claimant $5,980 in direct damages for the State’s appropriation of her 22 acres; and, since it found that her remaining acreage had been enhanced in value as a result of the taking, the trial court refused to award any *23 consequential damages. The Appellate Division unanimously affirmed (43 A D 2d 359), and the State appeals pursuant to CPLR 5601 (subd. [b], par. 1) on the ground that there is directly involved the construction of the New York State Constitution.
For the purposes of this appeal, the State does not challenge the trial court’s valuation of the 22 acres directly taken by it. However, the State does argue that the trial court’s award for the land actually taken should have been offset by the increased value of the claimant’s remaining land. Stated another way, the appellant asserts that since claimant’s remaining land was enhanced in value by more than $5,980, as it concededly was, the trial court should not have made any monetary award since, as urged by appellant, no economic loss was suffered as a result of the State’s appropriation. To do otherwise, it is urged by the State, would create an additional windfall to the claimant which should not be countenanced by this court.
Whenever a segment of a tract is taken by eminent domain for a purpose which is beneficial to the tract’s remaining land, the inquiry necessarily arises whether the benefit can be considered in determining the amount of compensation to be awarded, and if so, to what extent. One author in the field of eminent domain has stated that: “ Upon this subject there is a great diversity of opinion and more rules, different from and inconsistent with each other, have been laid down than upon any other point in the law of eminent domain. ” (3 Nichols, Eminent Domain [3d ed.], § 8.62, p. 57.) According to another author in the field of eminent domain, the decisions of the various State and Federal courts may be divided into five classes: first, benefits cannot be considered at all; second, special benefits may be set off against damages to the remaining part, but not against the value of the part taken; third, benefits, both special and general, may be set off against damages to the remaining part, but not against the value of the part taken; fourth, special benefits may be set off against both damages to the remaining part and the value of the part taken; and, fifth, both general and special benefits may be set off against both damages to the remaining part and the value of the part taken (2 Lewis, Eminent Domain [3d ed.], § 687, p. 1177 et seq.). Without attempting to examine the divergent holdings of the different States, at this *24 juncture we only note that the New York rule conforms with the third Lewis classification (see Matter of City of New York [Consolidated Gas Co.], 190 N. Y. 350) while the Federal rule falls into the fourth Lewis category (see Bauman v. Ross, 167 U. S. 548).
Article I (§ 7, subd. [a]) of the New York State Constitution provides that: ‘ ‘ Private property shall not be taken for public use without just compensation. ’ ’ The Fifth Amendment of the United States Constitution also provides, in pertinent part, as follows: “ nor shall private property be taken for public use, without just compensation.” The Federal rule, as embodied by Bauman v. Ross (supra) and its progeny, may be expressed as follows: Value ¡of land taken + consequential damages to remainder minus special benefits = just compensation. The New York rule, as stated in Matter of City of New York (Cons. Gas Co.) (supra) may be formulated as follows: Value of land taken + consequential damages to remainder minus general and special benefits = just compensation.
In Bauman v. Ross (supra) the Supreme Court held (p. 574): “ The just compensation required by the Constitution to be made to the owner is [at least] to be measured by the loss caused to him by the appropriation. He is entitled to receive the value of what he has been deprived of, and no more ”. That being the case the Supreme Court then added: “ when part only of a parcel of land is taken for a highway, the value of that part is not the sole measure of the compensation or damages to be paid to the owner; but the incidental injury or benefit to the part not taken is also to be considered.” In arriving at this conclusion, the Supreme Court alluded to several earlier New York decisions of this court and its predecessor, the Court of Errors, which purportedly held that both special and general benefits could be set off against the value of the part taken, as well as against the damages to the remaining land (pp. 577-578). Although the Supreme Court did not consider it to be determinative of the case, it is of the utmost importance for us to recognize that the statute involved in Bauman v. Ross (supra) provided for a special assessment of one half the cost of the public improvement upon adjacent property, and directed that if there had previously been a deduction for special benefits from the award for the land actually taken, allowance for such *25 deduction should be considered in ascertaining the amount of the special assessment (Matter of City of New York [Cons. Gas Co.], supra, pp. 362-363). Bauman v. Ross (supra) was handed down in 1897, and it continues today to be the leading Federal case in this area of the law of eminent domain in the Federal courts.
Matter of City of New York (Cons. Gas Co.) (supra) was decided by this court in 1907, and there the rule in Bauman v. Ross (supra) was specifically rejected in situations in which no provision was made for a special assessment upon adjacent property for the cost of the public improvement. The prior New York cases on the subject, which had been alluded to by the court in Bauman v. Ross (supra) were distinguished on the ground that they were concerned with statutes which authorized the concurrent exercise of the powers of eminent domain and taxation. In the words of Chief Judge Cullen, Livingston v. Mayor (8 Wend. 85); Matter of Furman St. (17 Wend. 649); People v. Mayor (4 N. Y. 419); Genet v. City of Brooklyn (99 N. Y. 296); and Granger v. City of Syracuse (38 How. Prac. 308), all dealt with proceedings, the validity of which were attacked, which “ were dual, involving not only an award of compensation for land taken, but an assessment on adjacent property for the cost of the improvement.” (190 N. Y. 350, 355.) Since the statute construed in Matter of City of New York (Cons. Gas Co.) (supra) made no provision for a special assessment upon lands similarly benefited by the public improvement but not subject to any partial taking, this court held that under the circumstances attending the city’s acquisition “ that in no case should an award be made for less than the value of the property actually taken by condemnation ” (p. 360). There were two reasons which formed the basis of this court’s decision in that case: first, there was no assurance that the benefiting use for which the property had been taken would be continued; and, secondly, it was recognized that the appropriating municipal authority could not arbitrarily select the owner whose property was partially taken for a portion of the cost of the public improvement while at the same time exempting therefrom his neighbor whose property would' be benefited to an even greater extent because he had suffered no loss of land and still had the benefit of the public improvement (pp. 358-359, 361—362).
*26 Applying the holding enunciated above to the case at bar, we recognize that it is unlikely that the New York State Thruway will be relocated in the near future; and, therefore, it is improbable that an owner whose property is partially taken will be unable to realize the benefit accruing to his remaining property by its proximity to the public improvement. However, we are also mindful of the fact that claimant’s adjoining and neighboring property owners have likewise been benefited by the public improvement without having been compelled to contribute any of their property and without having been specially assessed for the public improvement. Thus, offsetting the general and special benefits to the claimant’s remainder against the value of the 22 acres actually taken from her would be, in effect, an arbitrary and discriminatory exercise of the State’s-power of taxation such as was specifically proscribed in Matter of City of New York (Cons. Gas Co.) (190 N. Y. 350, supra).
The State, which is understandably unable to point to any authority which in any way refutes this court’s prior holding in Matter of City of New York (Cons. Gas Co.) (supra) responds to the reality of the claimant’s situation by contending that it is not possible to preserve equality between the claimant and her neighbors and at the same time do justice between the claimant and the taxpayers who pay for the project. Since the State has acquired 22 acres which it did not formerly own, it seems to us that the State, and indirectly the public at large, should bear the burden of paying for the land taken for the public improvement. The State certainly has not paid an inordinate sum for the claimant’s property. Moreover, we are skeptical of a rule of law that would enable the appropriating authority to simply urge that the public improvement will benefit an individual’s remaining property to such an extent that no compensation need be made for the property actually taken. Finally, and quite apart from the facts of the instant case, the rule of law established in Matter of City of New York (Cons. Gas Co.) (supra) fosters a more equitable result in instances in which the anticipated benefits to the remainder eventually prove to be illusory because it distributes the cost of the land actually taken upon the State’s entire population.
It should be pointed out that the cases relied upon by the State as implicitly overruling the holding of Matter of City of *27 New York (Cons. Gas Co.) (supra) (e.g., Acme Theatres v. State of New York, 26 N Y 2d 385; Diocese of Buffalo v. State of New York, 24 NY 2d 320; Matter of City of New York [Fourth Ave.], 255 N. Y. 25; Remsen v. State of New York, 33 A D 2d 615, affd. without opn. 30 N Y 2d 688; Matter of City of Rochester [Smith St. Bridge], 234 App. Div. 583) achieved no such result. None of these cases even intimated that general and special benefits to the remainder could be used to offset the damages brought about by the State’s actual taking, but rather each was concerned with ascertaining the consequential damages to the remainder which undoubtedly may be offset by the special and general benefits accruing to what has not been taken by the appropriation.
In holding as we do it is not meant to suggest what should be evident, namely, that the constitutional standard of just compensation does not embrace an inflexible standard, as indicated by the different approaches under the Federal rule or the New York State rule.
Accordingly, the order of the Appellate Division should be affirmed.