■ ROME URBAN RENEWAL AGENCY, Appellant, v ROME TELEVISION

CENTER, INC., Respondent.—Order unanimously affirmed, with costs. Memorandum: In this condemnation action, the Rome Urban Renewal Agency (RURA) appeals from an order confirming the report of the condemnation commissioners. Defendant's rectangular parcel of land had a frontage of 43.5 feet on the north side of West Dominick Street in the City of Rome and the same frontage on the south side of West Willett Street. Its depth was approximately 200 feet. In 1954 the southern half of the parcel was improved by the construction of a two-story brick building with a full basement. A 7-by 10-foot addition extended from the rear or north wall of this building and enclosed a basement stairway. The building was used for the retail sale of furniture and appliances. The northern half of the parcel was used for free customer parking and the shipping and receiving of merchandise. On April 24, 1972 RURA acquired title only to the property north of the north wall of the building, pursuant to a judgment of condemnation. The land covered by the building remained in defendant's name. The condemnation commissioners awarded defendant $34,576 as direct damages and $29,061 as consequential damages. RURA contends that the commissioners' report should have been rejected on the ground that it failed to consider the benefits accruing to defendant's remaining property from urban renewal in determining consequential damages. It is claimed that the benefits were greater than the consequential damages and therefore no such damages should have been awarded. No question is raised with respect to the award for direct damages. The condemnation commissioners' action must be viewed within the context of their unique position in our legal system. Every intendment is in their favor. "The court cannot modify but must either confirm the report or reject it for irregularities in the proceeding, or because it is based on an erroneous principle of law, or because it 'shocks not only one's sense of justice, but one's conscience' (Matter of Huie [Fletcher], 2 NY2d 168, 171)" (Niagara Falls Urban Renewal Agency v Harkins, 40 AD2d 1075). It is established that where there is a partial taking, benefits to the remaining land may be deducted from consequential damages (Chiesa v State of New York, 36 NY2d 21). Whether the remaining land is benefited by a particular taking, however, is ordinarily a question of fact and the test is whether its general value is enhanced (Matter of City of New York [Juniper Ave.], 233 NY 387, 392). "The party claiming the 'benefits' must present the proof to sustain its contention" (Hogan v State of New York, 41 AD2d 428, 429). Here, the condemnation commissioners specifically disagreed with the reasoning, and rejected the opinion, of RURA's expert that the remaining property was not consequentially damaged. They also found that the partial taking substantially reduced the effective use of defendant's remaining property. This finding necessarily included a rejection of RURA's position that the general value of the remaining property was enhanced. The record adequately supports the commissioners' consequential damage award which was substantially less than the estimate of consequential damages presented by defendant's expert. In contrast, RURA furnished no economic analysis to support its conclusion that the claimed benefits exceeded consequential damages. Its expert testified that the urban renewal plan would result in an improved traffic flow, convenient parking and a greater interest in shopping in the area of defendant's property. These claimed improvements, however, were never directly related to defendant's remaining land; nor was there any evidence that the number of customers, the number of sales, or property values have increased, or were likely to increase, since the taking. The urban renewal agency's hope that the remaining property would be en-

hanced by the improvement may not be substituted for reality. There must be some foreseeability to the enhancement *(Brand v State of New York,* 46 Misc 2d 645, 649–650, mod on other grounds 26 AD2d 747, affd 19 NY2d 634). In such circumstances, the condemnation commissioners' findings were properly confirmed. (Appeal from order of Oneida Supreme Court in condemnation proceeding.) Present—Marsh, P. J., Moule, Mahoney, Dillon and Goldman, JJ.