*577
 
 Cooke, J.
 

 This proceeding was previously remanded to Special Term where it was then found, after hearing, that the value of the property as zoned and used was $546,000, which was reduced by a discount of 65% for reasonable probability of a change of zone and termination of nonconforming use in 10 years for a net award total of $191,000. On appeal, the Appellate Division stated: that, although the record does in their view support the existence of a possible or even a reasonably probable change of zone and use in the future, it does not sustain a finding that such change will come about in 10 years so as to warrant a 65% reduction in value; but, rather, that they believe that a willing and knowledgeable buyer in 1964 would have discounted no more than 25% from the value of the site as then zoned and used to cover any reasonably probable rezoning and termination of use. Accordingly, the decree was modified by reducing the discount from 65% to 25% and increasing the net award to $409,500.
 

 If there is a reasonable probability of the imminence of a change of zoning regulations regarding the utilization of real property, such probability is a relevant factor in the determination of the value of the subject property
 
 (Matter of City of New York [Shorefront High School—Rudnick],
 
 25 NY2d 146, mot to amd remittitur granted 26 NY2d 748;
 
 Genesee Val. Union Trust Co. v State of New York,
 
 9 NY2d 795;
 
 Masten v State of New York,
 
 11 AD2d 370, 371, affd 9 NY2d 796; 19 NY Jur, Eminent Domain, § 164, p 389). A corollary to this proposition would be that, in determining the highest and best use of a parcel and thus in determining its compensable value in eminent domain proceedings, the court should consider evidence of the reasonable probability of a zoning change to exclude the use of a parcel at its highest and best use, if such a reasonable probability has been properly evinced
 
 (Hogan v State of New York,
 
 41 AD2d 428).
 

 There is no testimony, sufficient or otherwise, to support either the discount of 25% found by the Appellate Division or that of 65% by Special Term. Indeed, Special Term observed: "No evidence was offered by the claimant from which it could be determined what financial harm would result if his nonconforming use were terminated. No evidence was produced to guide such an assessment even though one of the principal reasons for the remand of the Appellate Division focused upon this very issue. The Court cannot assume that such evidence exists.” The award here violates the well-recognized rule that an increment or discount ascribed to a reasonable probability
 
 *578
 
 of a zoning change must have a basis in the evidence and, since the discount reflected by the decision under review appears to rest on the subjective judgment of the court authoring that decision and is without evidentiary basis, the award cannot be sustained
 
 (Matter of City of New York [A. & W Realty Corp.],
 
 1 NY2d 428, 432-433;
 
 Glennon v State of New York,
 
 40 AD2d 1072;
 
 South Path Realty Corp. v State of New York,
 
 35 AD2d 896;
 
 Waldenmaier v State of New York,
 
 33 AD2d 75, 76;
 
 Clearwater v State of New York,
 
 30 AD2d 883, affd 23 NY2d 1006).
 

 The order of the Appellate Division should be reversed and the matter remitted to Special Term for the purpose of taking proof and making a determination on the limited issue raised on this appeal.
 

 Chief Judge Breitel and Judges Jasen, Gabrielli, Jones and Fuchsberg concur; Judge Wachtler taking no part.
 

 Order reversed, without costs, and the matter remitted to Supreme Court, Nassau County, for further proceedings in accordance with the opinion herein.