■ PAUL⋅ BROWN, Appellant, v STATE OF NEW YORK, Respondent. (Claim No. 54472.)—Judgment unanimously modified, without costs, and as modified affirmed and case remitted to Court of Claims for further proceedings in accordance with the following memorandum: The State partially appropriated claimant's lands in the Town of Hinsdale, Cattaraugus County, in connection with the Southern Tier Expressway project. Claimant appeals from the judgment of the Court of Claims which awarded him $31,130 plus interest. Claimant's parcel consisted of approximately 130 acres improved by two homesites and miscellaneous farm-related out buildings. It was located near the southeast corner of the intersection of Routes 16 and 408 and had a frontage of about 1,800 feet on the east side of Route 16. The remainder of the property was highly irregular in shape and divided by a creek, a public roadway and a fee right of way owned by the Rochester Gas and Electric Corp. The State appropriated 46.598 acres in fee, 4.588 acres in permanent easements, and 1.808 acres in temporary easements in order to construct a "cloverleaf" expressway interchange connecting Routes 16 and 408. The court determined that both before and after the taking the highest and best use of the property which fronted Route 16 was for potential commercial development to a depth of 600 feet. The balance of the property, with the exception of the homesite parcels which were not affected by the appropriation, was determined to have the highest and best use for recreational purposes. Claimant contends that the court's finding of the "before value" of the commercial land was inadequate. It is well established, however, that the determination of value in a condemnation case should not be disturbed when it is within the range of the expert testimony, unless it is defective by virtue of erroneous legal reasoning. (Levin v State of New York, 13 NY2d 87, 92–93; Bauer v State of New York, 37 AD2d 1004; Miller Paper Co. v State of New York, 34 AD2d 880.) The determination here is within the range of the expert testimony, is not affected by legal error and, therefore, should not be modified. Claimant next contends that he should have been awarded severance damages. The appropriation bisected his property and reduced the Route 16 frontage of the proposed commercial development site to 220 plus or minus feet, all of which was about six or seven feet below grade. The configuration of the remaining commercial property indicates that its commercial utility has been impaired. In addition, the recreational residue was left severely fragmented and disjointed after the appropriation. In concurring with the State's expert the court found "that the subject property suffered no severance damage and in the event it did so suffer, the increment in value, due to the new highway interchange, balanced out any possible severance damage." We do not agree, on this record, that the remaining property suffered no severance damages and we are unable to determine whether the benefits exceeded any such damages. While it is clear that benefits to the remaining land may be deducted from consequential damages (Chiesa v State of New York, 36 NY2d 21), there must be proof of such benefits (Hogan v State of New York, 41 AD2d 428, 429). The testimony of the State's expert to the effect that land around major highway intersections is of high commercial desirability, provides an insufficient basis upon which to conclude that claimant's remaining land was benefited (see Brand v State of New York, 46 Misc 2d 645, 649–650, mod on other grounds 26 AD2d 747, affd 19 NY2d 634). While we agree with the trial court's valuations of the property actually taken and the temporary easements, the matter must be remitted to the trial court

with direction to determine the consequential damages and their possible reduction by reason of the direct taking. (Appeal from judgment of Court of Claims—appropriation.) Present—Moule, J. P., Mahoney, Dillon, Goldman and Witmer, JJ.