■ In the Matter of the COUNTY OF SUFFOLK, Appellant-Respondent-Appellant, Relative to Acquiring Title to Real Property for the Islip Greenbelt in the Town of Islip. WALTER STUART et al., Respondents-Appellants,

and THEODORE SNYDER et al., Appellants-Respondents.—In a condemnation proceeding, the parties cross-appeal from three orders and decrees of the Supreme Court, Suffolk County, two dated May 20, 1975 (as to claimants Snyder and Wojtas) and one dated January 13, 1976 (as to claimants Stuart). Orders and decrees reversed, on the facts, without costs or disbursements, and new trial granted. The numerous errors as to the findings of fact and the conclusions to be drawn therefrom (as contained in the opinion at Special Term) require that, in the interest of justice, there should be a new trial on all issues raised in the briefs. We note the following: (1) Special Term's consideration of present legal uses of the land and recent rezonings related to Islip in general and was not sufficiently focused on the character of the immediate surroundings of each of the subject parcels; (2) the environs of the Snyder parcel were misdescribed in Special Term's statements that Connetquot State Park was its southeasterly boundary, and that "headwaters of the Connetquot River, Long Island's only unpolluted river, adjoin the subject premises", since the park is approximately 5,000 feet away, and a discharge basin area for highway waters, not the Connetquot River, adjoins the premises; (3) Special Term's assertions that there were approximately 730 residentially zoned acres in the "so called transportation hub between Exit 57 of the Long Island Expressway and Terry Road, east of Exit 58", and that 460 acres thereof were undeveloped, are not based on proof in the record; (4) the award to claimants Stuart was improperly computed by *addition* of the value based on nursery use to the value based on residential use (see 4 Nichols, Eminent Domain, § 12.314, pp 12-233 to 12-234; *Van Kleeck v State of New York,* 18 NY2d 897, 899); further there was insufficient evidence to support a hypothetical annual rental of $3,000 for nursery use; and (5) the award to claimant Wojtas of an increment based on modified zoning "to permit a residential use of greater density" appears to rest solely on the subjective judgment of Special Term (see *Matter of County of Nassau [Cohen],* 39 NY2d 574, 576). Hopkins, J. P., Margett, Shapiro and Suozzi, JJ., concur.