■ CHARLES LEWIS et al., Respondents, v STATE OF NEW YORK, Appellant. (Claim No. 64071.)—Per Curiam. Appeal from a judgment in favor of claimants, entered April 30, 1985, upon a decision of the Court of Claims (Corbett, Jr., J.).

Claimants owned 38.6 acres of land located in the Town of Rotterdam, Schenectady County, which they used primarily to raise crops, cattle and horses. The property contained, *inter alia,* a house, a horse barn, a main barn and a 7/16-mile oval horse training track. In November 1979, the State appropriated 14.116 acres of claimants' land for the construction of Interstate Route 508. The area taken did not include claimants' buildings or the horse training track.

In April 1980, claimants commenced this action seeking $86,400 in direct and consequential damages allegedly suffered as a result of the appropriation. After a trial before the Court of Claims, claimants were awarded $51,603, with appropriate interest. The State appeals, asserting that the court used its own subjective opinion to determine damages and that the amount awarded was unsupported by the evidence.

The after-taking value of claimants' horse training track and the horse barn are the primary focus of the dispute on appeal. Neither the track nor the barn was on the property directly appropriated; thus, the issue facing the Court of Claims was the assignment of a proper value for the consequential damages caused by the taking. The State does not challenge the before-taking value of $21,000 assigned to the track and also to the barn by the Court. The State's expert appraiser opined that the track and barn suffered no consequential damages as a result of the taking. Claimants' expert appraiser contended that the track was damaged in the

amount of $6,000 and the barn in the amount of $7,000. Both parties' appraisers were of the opinion that horse training was the highest and best use of the land following the appropriation. The court, however, found that the remaining land could not support a horse training operation after the appropriation. Thus, the court found the track to be totally nonfunctional and valued it at $1, suffering $20,999 in damages. The court further found the barn to be functional only for boarding horses and storing crops and valued it at $10,500, sustaining $10,500 in damages. The State claims that these findings and figures were a subjective determination by the court, unsupported by the record. We agree.

A trial court is obligated to accept the evidence of valuation offered or supply an adequate explanatory rationale for reaching a different valuation *(Lawyers Co-op. Pub. Co. v State of New York,* 47 AD2d 122, 124, *affd* 39 NY2d 760). The court's determination cannot rest on its own subjective judgment, unsupported by the evidence presented at trial *(Clearwater v State of New York,* 30 AD2d 883, *affd* 23 NY2d 1006). Here, the after-taking value that the Court of Claims assigned to the horse training track and the horse barn was lower than that assigned by either party's expert. Although a court is not bound by the opinions of experts *(see, Matter of City of New York [A. & W. Realty Corp.],* 1 NY2d 428, 433), we find nothing in the record to support the court's valuation of the track and barn after the taking. Among the considerations noted by the Court of Claims in support of its determination that the land could no longer support the horse operation was its viewing of the property pursuant to Court of Claims Act § 12 (4). Viewing the property, however, cannot substitute for a lack of any relevant evidence in the record *(Van Liere v State of New York,* 32 AD2d 734, *affd* 27 NY2d 907). Accordingly, we hold that the evidence does not support the court's valuation of the horse training track and horse barn. Conceding that the amount of tillable land was reduced, there was no proof that horses could not be trained in the same manner as before the appropriation. It would seem logical, in the absence of expert proof to the contrary, that a boarded horse eats nearly as much hay and grain as a horse being trained. Without injecting further argumentative matter, it suffices to say that there was no evidence of a factual nature supporting the decision that horse training could not have been conducted following the appropriation.

We further find, however, that there is adequate evidence to support the finding that the appropriation caused some conse-

quential damages to the horse training operation. Therefore, we adopt the findings of claimants' expert appraiser that the horse training track suffered $6,000 in damages and the horse barn suffered $7,000 in damages. The Court of Claims found those facilities to have suffered a total of $31,499 in damages. Therefore, the judgment must be modified by reducing the amount of damages awarded by $18,499.

Judgment modified, on the law and the facts, without costs, by reducing claimants' award to $33,104, with appropriate interest thereon, and, as so modified, affirmed. Mahoney, P. J., Main, Mikoll and Yesawich, Jr., JJ., concur.