■ DONE HOLDING COMPANY, Respondent-Appellant, v STATE OF NEW YORK, Appellant-Respondent. (Claim No. 68231.)—In a condemnation proceeding, the defendant State of New York appeals and claimant cross-appeals from a judgment of the Court of Claims (Silverman, J.), dated August 14, 1987, and amended August 24, 1987, which, *inter alia,* awarded the claimant damages in the principal amount of $344,000.

Ordered that the judgment as amended is modified, on the law and on the facts, by increasing the award to the principal amount $377,300, representing the sum of $12,250 per acre for the 30.8 acres appropriated; as so modified the judgment as amended is affirmed, with costs to the claimant.

The evidence amply supports the determination that the highest and best use of the subject parcel, a property comprised largely of wetlands, would be a cluster-type development pursuant to Town Law § 281. The State of New York failed to establish the existence of any ordinance or regulation prohibiting the use of the wetlands for yield for the purpose of establishing an appropriate density under Town Law § 281. In the absence of any regulation or ordinance to the contrary, open land may be used in determining appropriate density, even if the open land itself cannot be built upon *(see, Matter of Friends of Shawangunks v Knowlton,* 64 NY2d 387, 394-395).

Nor was it proved that it was the policy of the Town of Brookhaven to prohibit the use of wetlands for yield purposes. Apart from the potential problems that might be presented by an uncodified policy, none was established here where no such Town Law § 281 application had ever been presented to or passed upon by the town.

We find, however, that the court erred in its calculation of the claimant's damages. Prior to the taking, the claimant's parcel consisted of approximately 32.5 acres of land, of which approximately 23 acres were considered tidal wetlands. The court properly found that the before value of the entire parcel was $398,000, or $12,250 per acre. By the instant condemnation, the State acquired all of the wetlands acreage and over seven acres of uplands, leaving claimant with approximately two acres of uplands still in its possession. The court found

that the after value of these remaining two acres was $54,000, more than double the per acre before value. The court subtracted this enhanced after value of the remaining two acres from the before value of the total property and awarded claimant the difference, $344,000. While the general rule is that the measure of damages in a case of partial taking is the difference between the before and after value of the property *(see, Acme Theatres v State of New York,* 26 NY2d 385, 388), that rule does not apply where it would have the effect of offsetting any benefits to the remaining land as a result of the condemnation *(Chiesa v State of New York,* 36 NY2d 21). Here, the court found a significantly greater per-acre value after the taking than existed before the taking, indicating that the remaining land was benefited by the condemnation. In such a situation, the benefit may not be used to diminish the award to the claimant, as "in no case should an award be made for less than the value of the property actually taken by [the] condemnation" *(Matter of City of New York [Consolidated Gas Co.],* 190 NY 350, 360). Therefore, the claimant is entitled to the full value of the land taken, $377,300. Thompson, J. P., Bracken, Brown and Sullivan, JJ., concur.