■ MATTHEW J. FORTE, Appellant, v ZONING BOARD OF APPEALS OF THE VILLAGE OF WARWICK, Respondent.—In a proceeding pursuant to CPLR article 78 to review a determination of the Zoning Board of Appeals of the Village of Warwick, dated June 1, 1987, which, after a hearing, did not include wetlands buffers and proposed roadways in the computation of "net acreage", and denied his application for an area variance, the petitioner appeals, as limited by his brief, from so much of a judgment of the Supreme Court, Orange County (Nicolai, J.), entered February 18, 1988, as dismissed, on the merits, those branches of the petition which were for review of so much of the determination as did not include wetlands buffers in the computation of "net acreage" and denied his application for an area variance.

Ordered that the judgment is modified, on the law, by deleting the provision thereof which dismissed that branch of the petition which was for review of so much of the determi-

nation as did not include wetlands buffers in the computation of "net acreage", and substituting therefor a provision granting the petition to the extent of annulling that portion of the determination; as so modified, the judgment is affirmed insofar as appealed from, without costs or disbursements.

The petitioner Matthew Forte is the owner of approximately 144 acres of land divided into four sections. This proceeding relates only to sections 3 and 4. In 1975, the entire parcel, which was within the geographical jurisdiction of the Town of Warwick, was annexed to the Village of Warwick at the petitioner's request. Thereafter, the land was rezoned to permit the petitioner to develop it with 954 residential units containing a total of 1,840 bedrooms. The petitioner has already developed or received site plan approvals for sections 1 and 2.

A significant portion of sections 3 and 4 is designated wetlands pursuant to the Freshwater Wetlands Act of 1975 (ECL art 24, eff Sept. 1, 1975). In March 1986 the petitioner sought an area variance from the respondent in order to allow him to include the wetlands areas for the purposes of computing "net acreage" and the maximum number of dwelling units and bedrooms permitted pursuant to the zoning ordinance. The application was denied. In June 1986 the petitioner applied to the Planning Board of the Village of Warwick for site plan approval for sections 3 and 4, proposing to develop these sections with 263 and 393 bedrooms, respectively. This proposal was consistent with the original rezoning resolution and an agreement between the village and the petitioner, whereby the petitioner was to make capital improvements to the entire four sections of the land. The Planning Board denied the petitioner's site plan approval applications, stating as a reason that the proposed roadways and wetlands buffer areas (i.e., 100-foot stretches of land adjacent to wetlands) (see, 6 NYCRR 663.2 [b]) are not suitable for building purposes and must be excluded in determining "net acreage" and the resulting maximum permissible bedroom density. In approving site plan applications for sections 1 and 2, the Planning Board had not utilized this method, but had included both proposed roadways and wetlands buffers in the computation. Pursuant to the Planning Board's interpretation, the petitioner would be precluded from building 114 of the proposed 263 bedrooms in section 3, and 138 of the proposed 393 bedrooms in section 4. Contending that the Planning Board had misinterpreted the term "net" as it appears in the Village Warwick Zoning Ordinance article XIII, the petitioner sought an interpretation

from the respondent Zoning Board of Appeals that would permit inclusion of both the 100-foot wetlands buffers and the proposed roadways in the calculation of net acreage. In the alternative, the petitioner sought an area variance from the provisions of Village of Warwick Zoning Ordinance article XIII. On June 1, 1987, the respondent denied the application in its entirety. In the instant proceeding, the Supreme Court granted that branch of the petition which was for review of so much of the determination dated June 1, 1987, as did not include proposed roadways in the computation of "net acreage", and annulled that ruling. However, it dismissed on the merits that branch of the petition which was for review of so much of the determination as did not include the wetlands buffers in the computation.

Village of Warwick Zoning Ordinance, article XIII, § 13.1 (b) defines the term "net" to exclude, *inter alia,* lands that for any reason are not suitable for building purposes. The respondent's reason for excluding wetlands buffers from the computation of "net acreage" was that the Environmental Conservation Law (ECL art 24) prohibits the building of houses in wetlands buffer areas and, therefore, the land in question is not suitable for building under Village of Warwick Zoning Ordinance article XIII. This conclusion was an error. "[I]n the absence of any regulation or ordinance to the contrary, open land may be used in determining appropriate density, even if the open land itself cannot be built upon" *(Done Holding Co. v State of New York,* 144 AD2d 528; *see also, Matter of Friends of Shawangunks v Knowlton,* 64 NY2d 387). While the above-mentioned cases dealt with Town Law § 281, the Court of Appeals in *Matter of Friends of Shawangunks v Knowlton (supra),* noted that Village Law § 7-738 contains essentially identical provisions. In the petitioner's case, ECL 24-0701 (2) allows certain regulated activities to be conducted on these wetlands buffers upon the granting of a permit. These activities include the erection of structures and the building of roads. If the petitioner can conduct any of these regulated activities in the wetlands buffer areas upon the granting of a permit, then the land cannot reasonably be excluded from computation of "net acreage".

In view of the foregoing, we have not passed on the petitioner's other contentions, including his contention that he is entitled to an area variance. Kunzeman, J. P., Rubin, Eiber and Rosenblatt, JJ., concur.