Jasen, J.
As a means of fostering low-cost housing in the State’s urban centers, the Legislature in 1961 enacted the Limited-Profit Housing Companies Law (Private Housing Finance Law, art. 2), also known as the Mitchell-Lama Law. This statute provides for the formation of private limited-profit housing companies which may borrow, on mortgages from the State or municipality, up to 95% of the development costs of a housing project for a term of up to 50 years (id., § 23, subd. 1) at an interest rate approximating that paid by the State on its own obligations. The municipality may aid the project through assembling the land by condemnation (id., § 29) and by granting-up to 50% real estate tax exemptions for as many as 30 years (id., § 33, subd. 1). The investor’s return is limited and the government supervises construction, management and other costs. Upon repayment of the mortgage and tax concessions, the project may revert to private hands.
*148 On this appeal, the primary issue is whether the possibility of obtaining such a Mitchell-Lama subsidy may be 'considered in determining the highest and best use of land taken by condemnation.
The subject premises in this proceeding are located in Brooklyn, and were appropriated for a high school. The land, divided into three pieces by a paper street and the filled-in bed of Hubbard Creek, is vacant and of about the same grade as the street. A subway station is located nearby, as are stores and schools. Directly across the street from the property is Harway Terrace, a Mitchell-Lama high-rise housing project built in 1961.
The claimants’ expert witnesses testified that the property had a highest and best use as the site for a high-rise apartment building and had a value of $3.25 to $3.35 per square foot. The city’s expert testified that the land had a highest and best use as a site for one and two-family dwellings and had a value of from $1.50 to $.75 per square foot.
The trial court, without a written opinion, awarded the claimants $2.90 a square foot. The Appellate Division unanimously affirmed.
Undoubtedly, the trial court based its award upon a determination that the highest and best use of the premises was as a Mitchell-Lama site. Claimants attempt to argue before us that the trial court’s award is not necessarily based upon such a subsidy; however, the record does not support them. The city’s expert gave uncontradicted testimony that an apartment building could be built on the site only if such a subsidy were obtained. Claimants’ expert appraiser testified that the highest and best use of the land was for subsidized high-rise apartments. Finally, claimants’ attorney characterized the testimony of his three expert witnesses as supporting a highest and best use as a Mitchell-Lama high-rise site.
The city argues it was improper to base the award upon a subsidized use.
We have consistently held that a condemnation award should be determined according to the fair market value of the property in its highest and best use. (Keator v. State of New York, 23 N Y 2d 337, 339.) Generally fair market value is determined by reference to the sales prices of similar parcels in the area. (See Village of Lawrence v. Greenwood, 300 N. Y. 231.) In *149 using this method of valuation, the expert witness begins with the sales prices of the comparable parcels and makes adjustments upon them based upon his own experience to arrive at a probable market price for the subject premises for its highest and best use. (Latham Holding Co. v. State of New York, 16 N Y 2d 41.) It is likely that the expert would consider the availability of financing, costs of construction, taxes, possible profits and the like in arriving at his conclusion concerning the highest and best use of the land, and its probable market price.
However, it must be established as reasonably probable that the asserted highest and best use could or would have been made of the subject property in the near future. (1 Orgel, Valuation Under Eminent Domain, p. 141.) A use which is no more than a speculative or hypothetical arrangement in the mind of the claimant may not be accepted as the basis for an award. (Triple Cities Shopping Center v. State of New York, 26 A D 2d 744, affd. 22 N Y 2d 683.)
We hold that upon a proper showing of probability that a Mitchell-Lama subsidy would have been granted, and upon proof that such a project could or would have been constructed upon the subject premises in the foreseeable future but for the appropriation, there is no reason to prevent the court from finding that this was the highest and best use of the land.
The city asserts that the subsidized use may not be considered in arriving at market value, solely because the government is involved in the award of such a subsidy. The fact that governmental activity is required to achieve a use does not necessarily disqualify the use from consideration. Indeed, we have held that a particular best use of condemned property may be the basis of an award even though governmental activity in the form of issuance of zoning variances is required, provided it is established that the granting of such variances was reasonably probable. (Masten v. State of New York, 11 A D 2d 370, affd. 9 N Y 2d 796; Genesee Val. Union Trust Co. v. State of New York, 11 A D 2d 1081, affd. 9 N Y 2d 795; Yochmowitz v. State of New York, 25 A D 2d 930, mot. for lv. to app. den. 18 N Y 2d 579.)
The record indicates that there are other Mitchell-Lama projects in the area, and in fact the sales prices of these sites for the other projects were'used by the claimants’ expert in arriv *150 ing at Ms determination of the market value of the subject premises. These sales appear to indicate that there is an actual market price for land as a site for subsidized housing and also that there may be some possibility of securing such a subsidy.
However, while we conclude that a court may properly base its determination of fair market value upon a subsidized use, if such use is reasonably probable, we find the claimants have failed to establish the reasonable probability that such a subsidy would have been granted in this case.
One of claimants’ experts testified that he and his associates had made some plans to purchase the land as a Mitchell-Lama site before the condemnation; however, the extent of these plans was not adequately explained.
There is a total absence in the record of any evidence concerning the chances of success or failure in obtaining a Mitchell-Lama subsidy. While the record does indicate that there was some possibility of obtaining a Mitchell-Lama subsidy for the subject premises, the absence of evidence adequately establishing the likelihood of securing a subsidy makes it impossible to say that there was a reasonable probability that a Mitchell-Lama subsidy could have been obtained to develop this property as a profitable high-rise apartment building site. Without such proof, the award cannot stand.
Accordingly, the order should be reversed and the matter remanded to Special Term for new findings in accordance with this opinion.
CMef Judge Fuld and Judges Burke, Scileepi, Bergah and Bkeitel concur.
Order reversed, etc.