■ WALLACE S. SWEET et al., Respondents, v. STATE OF NEW YORK, Appellant. (Claim No. 48377.) — Judgment unanimously affirmed, with costs. Memorandum: The State appeals from the Court of Claims' award of $62,185 plus interest and urges that it be reduced to $24,100, asserting that claimants' appraiser failed to adjust his comparables and that the court erred in valuing

the building at a larger amount than the $4,500 valuation of the State's appraiser. Regrettably, the proof of both parties leaves much to be desired. The one-story masonry block structure bus terminal containing 1,088 square feet was situated on a parcel of 2,615 square feet and was purchased by claimants in 1952 at a cost of $28,500. It was excellently located but one short block from the so-called "Busy Corner", the central core of the Utica downtown section. Although it was agreed that property values in this area had increased substantially in the 13 years before the taking, the valuation of claimants' appraiser of $174,000 was clearly excessive and as unrealistic as the valuation of the State's appraiser of about $4,000 less than the original cost of the property. The claimants' expert's detailed statement of the reproduction cost of the building of $38,000 is much more consonant with 1965 building costs than the much understated $10,200 estimate of the State's appraiser. We find the reproduction cost to be $30,000 and accept the State's contention that the approximately 40-year use of the building justified a 50% depreciation factor. We concur with the trial court's finding that only one of claimants' comparables should be used and it is, indeed, a good reflection of market value. We adopt the court's finding that a fair per square foot land value is $19. The combination of land value, as found by the trial court, and $15,000 as the depreciated value for the building support the court's award. Both appraisers agree that the highest and best use of the property was for a bus terminal and that the average net annual income for the 6 years before the taking was at least $10,551.36. " Value arrived at by capitalization of the fair rental value is, in ordinary cases, the surest guide to a sound appraisal." (People ex rel. Gale v. Tax Comm., 17 A D 2d 225, 230; see, also, Matter of Pepsi-Cola Co. v. Tax Comm., 19 A D 2d 56, 60; 4 Nichols, Eminent Domain, § 12.3122.) The subject property presents a situation where one integrated figure for the value of the entire property based on use and derived from the synthesis of land and building would result in just compensation (Matter of City of N. Y. [Maxwell], 15 A D 2d 153; Matter of City of N. Y. [School of Ind. Arts], 2 Misc 2d 403, 409). Bearing in mind the speculative nature of future rents by reason of the expiration of the lease in 1968, capitalizing the net annual income at 15%, on the basis of the facts in this record, would produce a value of land and improvements of $70,342. The award, therefore, is supported by the proof and the trial court's determination, unfortunately with little assistance from the experts, should be affirmed. (Appeal from judgment of Court of Claims in claim for damages for permanent appropriation.) Present — Goldman, P. J., Marsh, Witmer and Moule, JJ.