■ JOHN LIERE et al., Respondents-Appellants, v. STATE OF NEW YORK, Appellant-Respondent. (Claim No. 50461.)—Appeal from a judgment of the Court of Claims, entered October 13, 1971, upon a decision of the Referee which awarded claimants $67,600, plus interest, as damages for the appropriation of approximately 13 acres of land for highway purposes. Prior to the taking, claimants' property, located in Suffolk County, consisted of approximately 120 acres. Claimants lived in the residences on the property and used the outbuildings in operating the land as an income producing farm. Land improvements included an irrigation system which served the entire parcel. The appropriations totaled 13± acres of land and bisected the property. As a result, one of the remaining parcels no longer had access to the source of water for irrigation. Claimants' appraiser valued the property on the basis that the highest and best use of the property was "future" or "potential" industrial use with an interim use as farming. His total damages of $93,450 consisted of $79,437 for the value of the land taken at $6,000 per acre and $14,000 for the cost of restoring the source of irrigation to the parcel severed for the water supply. The State's appraiser based his opinion of damages upon a highest and best use for "future residential development" and also found that there was interim use for farming. His opinion of damages was $43,700 consisting solely of the land taken valued at $3,300 per acre. The trial court found that the highest and best use "conformed to residential use consistent with its interim use as an income producing farm". The award was based on the land taken valued at $4,100 per acre and a cost-to-cure factor of $14,000 for an irrigation system in the severed parcel. The State claims that it was error to include the cost-to-cure factor in the award because the restoration of the irrigation system is not consistent with the residential highest and best use of the property. Claimant appeals on the ground that it was error to reject the industrial highest and best use of his appraiser. Both the State's appraiser and claimants' appraiser utilized a method of valuation which was improper because they valued the property on the basis of a future or potential highest and best use. (*Alexander* v. *State of New York,* 36 A D 2d 777.) Implicit in their finding of an interim use is that at the time of the taking there was no market for the property on the basis of their respective future use. In fact, each stated that there would be no market for the property for other than farm purposes for several years. A condemnation award should be determined according to the fair market value of the property in the highest and best use, but "it must be established as reasonably probable that the asserted highest and best use could or would have been made of the subject property in the near future". (*Matter of City of New York* [*Shorefront High School-Rudnick*], 25 N Y 2d 146, 149.) By resorting to an interim use, the appraisers are, in effect, admitting that the proposed use is not reasonably probable in the near future. If a potential higher and better use is established, the proper method to account for such potential is to give an increment value

to the property at its present highest and best use. (*Hewitt* v. *State of New York*, 18 A D 2d 1128.) Since the parties and court adopted an erroneous method of valuation, a new trial is ordered. (*Alexander* v. *State of New York*, *supra*.) Judgment reversed, on the law and the facts, and a new trial ordered, without costs. Staley, Jr., J. P., Greenblott, Sweeney, Simons and Kane, JJ., concur.