VERNON CHRISTIANA, JR., Respondent, *v.* STATE OF NEW YORK, Appellant.   (Claim No. 51347.)

Fourth Department, July 6, 1972.

*Louis J. Lefkowitz, Attorney-General* ( *Vernon Stuart* and *Ruth Kessler Toch* of counsel), for appellant.

*Abelove, Siegel & Abelove* (*Norman I. Siegel* of counsel), for respondent.

WITMER, J.   The State appeals from a judgment upon an award of $141,030.40 for its appropriation for highway purposes of claimant's 2.313-acre parcel of land in the City of Utica.   The property was a large area (100,736 square feet) bounded on three sides by streets, one of which was a main thoroughfare.   All of the comparables used by the appraisers for both parties, except one submitted by claimant's appraiser, were so much smaller and of such little value and so lacking in adjustments that the court quite properly rejected them as useless in evaluating the subject property (*Latham Holding Co.* v. *State of New York,* 16 N Y 2d 41, 45).   The remaining comparable was an area consisting of 106,833 square feet, adjacent to a manufacturing plant used by General Electric Company.   It also was bounded on three sides by streets, one

of which was a main thoroughfare. It was composed of an assemblage of 12 parcels, all but one of which were purchased by General Electric within calendar year 1965 and the remaining one was purchased the following year just before the subject appropriation. There was evidence that General Electric originally bought the area with the intention of building a new plant thereon; but at the time of the trial herein General Electric was using it as a parking area in connection with its existing plant.

Claimant's appraiser found the value of this comparable by adding together the prices paid by General Electric for the 12 constituent lots, amounting to the sum of $196,500, and adding thereto the sum of $12,875 paid by General Electric for demolition of the structures on the several lots, resulting in a total of $1.96 per square foot. He deducted therefrom 20 cents per square foot as an adjustment for the cost of the assemblage. He added 25 cents per square foot as an adjustment for the extra value of the subject property by reason of the special hard surface which claimant had constructed on it.

Because this comparable consisted of an assemblage and because claimant's appraiser reached the square foot value thereof by averaging the square foot price paid by General Electric for each of the 12 parcels, the State moved to strike the evidence of this comparable and its use in evaluating the subject property, in reliance on *Latham Holding Co.* v. *State of New York* (16 N Y 2d 41, *supra*). The State argues that an assemblage may not be used as a basis for evaluation because it does not represent a value freely arrived at in an open market and that averaging the costs of comparables to arrive at comparative value is improper. Claimant contends that averaging the cost price of these contiguous lots was proper and that the record of the acquisition of this assemblage shows that each parcel was bought on an open market in the absence of pressure, and he urges that there is no evidence of purchase under pressure, citing *Matter of Realty Agency* v. *Weaver* (7 N Y 2d 249, 253–254). We conclude that the trial court properly ruled that considerations of economic pressure as opposed to legal compulsion go to the weight to be accorded to the evidence of acquisition and not to its admissibility (*United States* v. *Certain Land in City of Fort Worth, Texas,* 414 F. 2d 1029, 1031–1032; *District of Columbia Redevelopment Land Agency* v. *61 Parcels of Land,* 235 F. 2d 864, 865–866).

Examination of the facts concerning each parcel in the assemblage, including the street on which it fronted, the date

of purchase and the price paid, reveals no evidence of economic pressure on General Electric in the several transactions except with respect to Lot K. The price paid for that lot appears to be excessive to the extent of $10,000. This conclusion should not require the rejection of the assemblage as a comparable, however, but merely calls for an adjustment downward of the over-all cost by the amount of $.0936 per square foot. This is especially so in a case of this sort where adjustable comparables, if existent, are difficult to find (see *Sapia* v. *State of New York,* 33 A D 2d 821; *Brocka* v. *State of New York,* 31 A D 2d 852). It appears on this record that there is no other meaningful comparable, and it is extremely doubtful whether a remittal of this case could produce any better evidence.

The proscription against averaging costs to arrive at a comparable price, announced in *Latham Holding Co.* v. *State of New York* (16 N Y 2d 41, *supra*), is not applicable to the factual situation here. In *Latham* the assertedly comparable parcels were not an assemblage comprising a composite area, but were purchases by several different persons of dissimilar parcels located at various points along the street on which the subject property was situated. The appraiser did not consider the depths, contours or character of the several comparable parcels or the structures thereon, but merely took the sales price of each parcel, divided it by the front footage to obtain its value per front foot, and then averaged them, obtaining an asserted comparable front foot market price for the subject property. Some of those lots were deep. The subject property was shallow. The court held that the appraiser had not exercised expert judgment but had simply used a mechanical method of evaluation, without making adjustments which an expert should consider as affecting value, and that the result was unacceptable as a basis for comparison and evaluation of the subject property. In contrast, an analysis of the evidence of the locations of the several 12 lots in claimant's comparable, their frontages and depths, improvements, dates of purchase and price paid per square foot shows that the lots were contiguous, similar in character and together constituted a homogeneous area. It therefore was an appropriate comparable, subject to adjustments which claimant's appraiser made and which, based upon the record, the court amplified.

In response to the State's objection to claimant's adding 25 cents per square foot to the value of the subject property because of its hard surface, which added nothing to its value

for its appraised purpose, the court deleted that item. The court found the subject property to have the value of $1.40 per square foot. This value was justified by claimant's evidence that the comparable was worth $1.96 per square foot, less 20 cents for assemblage costs, and from which the court also could properly deduct 9.36 cents per square foot for excessive price paid for Lot K. In addition, the court noted that claimant's appraiser ''failed to take into consideration all factors in connection with these sales such as the proximity of the land to the General Electric plant''. The evidence thus supported the court's reduction of claimant's evaluation to $1.40 per square foot (see *Matter of City of New York* [*A. & W. Realty Corp.*], 1 N Y 2d 428, 433; *Greco* v. *State of New York*, 39 A D 2d 631; *Wagner* v. *State of New York*, 25 A D 2d 814).

The judgment should, therefore, be affirmed.

MARSH, J. P., GABRIELLI, CARDAMONE and HENRY, JJ., concur.

Judgment unanimously affirmed with costs.