■ NIAGARA FALLS URBAN RENEWAL AGENCY, Appellant, v. WILLIAM P. HARKINS et al., Respondents.— Judgment and order unanimously affirmed, with costs. Memorandum: The sole issue presented on this appeal is whether the order confirming the report and award of the Commissioners in a condemnation proceeding should be modified on the ground that the award is excessive. In *City of Niagara Falls* v. *New York Cent. R. R. Co.* (31 A D 2d 780) we stated that in a condemnation proceeding, as distinguished from an appropriation case, the power of the court to review is strictly limited. The court cannot modify but must either confirm the report or reject it for irregularities in the proceeding, or because it is based on an erroneous principle of law, or because it " ' shocks not only one's sense of justice, but one's conscience ' " (*Matter of Huie [Fletcher]*, 2 N Y 2d 168, 171). This rule has not been changed by *Matter of Ford* (22 N Y 2d 834), except insofar as awards in proceedings under the Water Supply Act are concerned. In that case the Court of Appeals said (pp. 834–835) : " The principles laid down in *Matter of Huie (Fletcher)* (2 N Y 2d 168) with regard to the scope of judicial review of awards in Water Supply Act proceedings are no longer fully viable. The Appellate Division now has the power to modify an award as well as confirm or reject it ". Ford followed a 1964 amendment to the Administrative Code of the City of New York dealing with claims arising out of acquisition of land for water supply purposes which authorized modification by Special Term and by the Appellate Division of reports and orders relating to such claims. (Administrative Code, §§ K51–16.0, K51–23.0.) To this extent, *Matter of Huie (supra)* was no longer viable (*Matter of Ford,* 35 A D 2d 626). As to condemnation proceedings not affected by the amendment of the Administrative Code, we regard *Huie* as still determinative and conclude that judicial review is appropriately limited. (Appeal from judgment and order of Niagara County Court, in condemnation proceeding.) Present — Del Vecchio, J. P., Marsh, Moule and Henry, JJ.