■ GEORGE M. WILLIAMSON et al.. Appellants. v. STATE OF NEW YORK. Respondent.— Judgment unanimously modified, on the law and facts, in accordance with memorandum and. as modified. affirmed, with costs. Memorandum: Pursuant to section 30 of the Highway Law. the State of New York appropriated 5.890 acres of claimants' dairy farm for the relocation and reconstruction of Routes 248 and 17 in the Town of Greenwood. Steuben County. The Court of Claims awarded compensation of $5.835 with 6% interest from February 19. 1970 to August 19, 1970 and from June 23. 1971 to January 31, 1973. Claimants appeal. The court's valuation of $150 per acre for 4.734 acres of cropland is below the range of testimony and has no support in the record (*Matter of City of New York* [*A. & W. Realty Corp.*], 1 N Y 2d 428; *Clearwater* v. *State of New York*, 28 A D 2d 936). Accepting the State's appraisal value. direct damages should be increased by $188. The court made a further error of $595 in the State's favor in computing the value of 22 acres of cropland. This amount should also be added to claimants' award. With these amounts included the award is increased to $6.618 with interest from the same dates. (Appeal from judgment of Court of Claims in claim for damages for permanent appropriation.) Present.— Witmer, J. P., Moule, Cardamone, Simons and Del Vecchio. JJ.

■ In the Matter of COSMO PRIVITERA. Petitioner. v. ABE LAVINE, as Commissioner of New York State Department of Social Services. Respondent.— Determination unanimously annulled. without costs, and proceeding remitted for a new hearing in accordance with the following memorandum: This is a proceeding brought pursuant to article 78 of the CPLR to review. vacate and annul respondent's determination. dated January 26. 1973. rendered after a hearing, which affirmed a determination of the Monroe County Department of Social Services' discontinuance of petitioner's public assistance grant upon a finding that he refused to accept services of the New York State Employment Service. The sole evidence presented at the hearing consisted of an inter-department document of the New York State Employment Service directed to the Monroe County Department of Social Services. with attached memorandum containing conclusory statements of petitioner's alleged refusal of services of said department. In view of petitioner's affirmative testimony and evidence adduced at the hearing. the respondent's determination cannot be said to rest upon substantial evidence.. Nor, can it be said that petitioner was afforded a fair hearing under principles enunciated in *Goldberg* v. *Kelly* (397 U. S. 254) and *Matter of 125 Bar Corp.* v. *State Liq. Auth.* (24 N Y 2d 174) and cases cited therein. (Review of determination discontinuing public assistance transferred by order of Monroe Special Term.) Present — Marsh, P. J., Moule. Mahoney. Goldman and Del Vecchio. JJ.