■ EUGENE E. CHIARULLI, as Executor and Trustee of GISELDA CHIARULLI, Deceased, Appellant-Respondent, v STATE OF NEW YORK, Respondent-Appellant.—Judgment unanimously affirmed, without costs. Memorandum: Claimant appeals from an award of $36,547.79 for the State's appropriation of 3.529 acres of muck land. Although the State cross-appealed, it has withdrawn its appeal. Most of the factual findings are not in dispute. Both parties agree that the highest and best use of the property before and after appropriation was for industrial or commercial purposes. Claimant-appellant contends that the trial court erred in identifying percentages used by both parties in their value of the subject property with that of the comparable known as the Elman property. The parties and the court used this property in their proof of value and all agreed that the Elman property was in certain respects superior to the subject property. The court erroneously stated that the State adjusted the Elman property unit value minus 63%. The actual adjustment was minus 70%. Nor is it clear how the trial court determined that the claimant's appraiser adjusted the unit value by a negative 64%. In fact, the claimant's expert gave neither specific percentage nor dollar adjustment from the Elman property, nor did he specify an indicated value for the subject property derived from the Elman comparable sale. Notwithstanding these errors the court's unit value findings were essentially fair, reasonable and within the range of the conflicting expert testimony *(Matter of City of New York [A & W Realty Corp.],* 1 NY2d 248; *Williamson v State of New York,* 45 AD2d 915; *Greco v State of New York,* 39 AD2d 631; *Christiana v State of New York,* 39 AD2d 263, lv den 31 NY2d

645). The $8,300 per acre unit value reflects about a 60% reduction from the actual value of the Elman property. Such an adjustment lies between the negative 70% adjustment factor used by the State's appraiser and the negative 58% adjustment factor used by the Claimant's appraiser. The misstated percentages by the trial court do not impair the integrity of the court's award. The claimant's appraisal lacks specificity as to adjustment percentages or ratios and claimant should not benefit from the court's relatively insignificant mistake not affecting the ultimate result *(Sweet v State of New York,* 34 AD2d 1086; *City of Buffalo v Diocese of Buffalo,* 42 AD2d 817). We have considered the second point raised by the claimant that the trial court demonstrated a partial attitude and failed to exercise patience and that this conduct was prejudicial to the claimant. Although it is regrettable that the Trial Judge on a few occasions failed to demonstrate the restraint which a jurist should exercise, this conduct did not affect the fairness of the trial and justice was not disserved by it *(Fernandez v Jordan,* 34 AD2d 518, affd 28 NY2d 510). (Appeals from judgment of Court of Claims in claim for damages for permanent appropriation.) Present—Cardamone, J. P., Simons, Mahoney, Goldman and Witmer, JJ.