## (December 12, 1975)

 NEW YORK STATE URBAN DEVELOPMENT CORPORATION, Respondent, v MORRIS GOLDFELD, Appellant.—Judgment unanimously modified, on the law and facts, in accordance with memorandum and, as modified, affirmed, without costs. Memorandum: While we are reluctant to disturb awards in condemnation made by an able and experienced Trial Judge who has seen and heard the witnesses and viewed the properties, we believe that it is our duty to do so if the finding of value made at Special Term "is based upon erroneous theory of law or erroneous ruling in the admission or exclusion of evidence, or * * * it appears that the court at Special Term has failed to give to conflicting evidence the relative weight which it should have and thus has arrived at a value which is excessive or inadequate" *(Matter of City of New York [Newtown Cr.],* 284 NY 493, 497). We think that in the present case the award is inadequate. The court erroneously excluded from the evidence appellant's recent sale to respondent of nearby property (Sale No. 2) *(Matter of Municipal Housing Auth. of City of Utica [Rosenbloom],* 271 App Div 184). The court also failed to acknowledge and make allowance for the fact that respondent's Sale No. 1 was an estate sale and, although not without probative force as a matter of law, should therefore not have been entitled to the weight usually accorded recent sales of subject property in determining market value. After a review of the evidence and adjustment for these errors, we feel that the award should be increased to $28,678, with interest from January 23, 1973. The power of the Appellate Division to

modify this award in condemnation is not limited by *Matter of Huie (Fletcher—City of New York)* (2 NY2d 168). (See *City of Niagara Falls v New York Cent. R. R. Co.,* 31 AD2d 780; *Niagara Falls Urban Renewal Agency v Harkins,* 40 AD2d 1075, mot for lv to app den 31 NY2d 648.) The rationale of *Huie* was clearly based upon the unique position occupied by the commissioners of appraisal in our legal system, a condition not present in cases heard by a Supreme Court Justice under subdivision 4 of section 13 of the New York State Urban Development Corporation Act (L 1968, ch 174, § 1). (Appeal from judgment of Onondaga Supreme Court in condemnation proceeding.) Present—Moule, J. P., Cardamone, Simons, Mahoney and Del Vecchio, JJ.