■ In the Matter of the CITY OF ROCHESTER, Appellant-Respondent v RAYMONDS S. IMAN et al., Respondents-Appellants.—Judgment unanimously reversed, on the law and facts, without costs, and new trial granted. Memorandum: The trial court ruled that the appraisal of the subject property made on behalf of the city was inadmissible under our rule 1024.24 (22 NYCRR 1024.24) for failure to contain comparable market data upon which its 9% capitalization rate was based, and so the court completely

disregarded that appraisal. This was error. The validity of a capitalization rate depends upon the facts presented in support thereof *(Matter of City of New York [First Elephants Estates—La Hermosa Church]* 17 AD2d 317, 324) and expert testimony thereof is competent evidence *(Diocese of Buffalo v State of New York,* 18 NY2d 41, 47, 49; CPLR 4515; 1 Orgel, Valuation Under Eminent Domain [2d ed], § 185; 4 Nichols, Eminent Domain [3d ed], § 12.312[3]). Because it rejected the city's appraisal the trial court found that the owners' appraisal was the only valid evidence of value, and it adopted without modification of the owners' estimate of their damages. We find, however, that there is a defect in the owners' appraisal in that it lacks evidentiary support for its thesis that the highest and best use of the property is for redevelopment as a part of an assemblage. Although there was evidence that some properties in the vicinity were developed through assemblages, there was no evidence that lands adjoining the subject property were available to form an assemblage with it, and there was insufficient supporting evidence to establish a value. In this respect, therefore, the owners' appraisal rests on speculation *(Matter of City of New York [Shorefront High School-Rudnick],* 25 NY 2d 146, 149). We recognize that the pall of condemnation blight hanging over the area may have made it difficult to develop such evidence, but that does not cure the defect in the appraisal. In the circumstances of this case we do not think that justice can be done by merely adopting the reverse view of the trial court, thereby rejecting the owners' appraisal and adopting that of the city. Accordingly, we grant a new trial at which the parties shall have the opportunity to submit proper supplemental appraisals. (Appeals from judgment of Monroe Supreme Court in condemnation proceeding.) Present—Marsh, P. J., Moule, Mahoney, Goldman and Witmer, JJ.