■ HANNAH GLAZER et al., Appellants, v STATE OF NEW YORK, Respondent. (Claim No. 55027.)—Judgment unanimously affirmed, without costs. Memorandum: Claimants appeal from judgment of the Court of Claims which awarded the sum of $104,150, plus interest, for the partial appropriation of their lands, consisting of 3.207 acres situate in the Town of Pittsford, Monroe County, New York. At the time of the appropriation claimants' premises consisted of 34.933 acres of which 4.873 acres were in the Town of Pittsford and 30.060 contiguous acres were in the Town of Penfield. The Pittsford portion of the property was zoned for light industrial use, but the zoning of the Penfield portion permitted a trailer park and accessory commercial uses. Claimants, using both contiguous parcels, developed and operated a mobile home park with 214 home site units located on the Penfield portion of the property improved with roadways, sewer, water, electricity and street lighting. The Pittsford portion of the premises abutting on Linden Avenue with a frontage of 241.65 feet, because its use as a trailer park was proscribed, it was utilized and developed as an entrance approach to the interiorly situated Penfield portion and was improved with an eight-foot wide blacktop roadway and street lighting system. In addition, the Penfield portion was used for sales display of mobile homes and accommodation of a central fuel oil storage distribution system servicing the mobile home sites on the Pittsford portion, as well as recreational purposes for the mobile home park residents. The appropriation consisted of a 3.207-acre strip of land bisecting the Pittsford portion together with a permanent easement of .108 acres. As a result of the appropriation the remaining Pittsford portion consisted of two noncontiguous parcels, the southerly portion being .833 acres and .833 acres were situate north of the land appropriated and contiguous with the Penfield parcel of the claimants. Claimants' appraiser's valuation of damage caused by the appropriation was $258,800 of which $86,100 constituted direct damages for actual acreage

appropriated. The balance of claimants' damage item of $172,700 was attributable to indirect damages, the major portion of which was ascribed to the trailer park on the Penfield parcel of claimants' land. The State appraiser's valuation of damage caused by the appropriation was $72,550, consisting of direct damage of $56,200 and indirect damages of $16,350, confined to the Pittsford portion, there being no indirect damage found to the Penfield portion of claimants' property. Premised upon the unity of ownership, use and contiguity of the property, claimants' appraiser ascribed a highest and best use of the entire property, consisting of both the Penfield and Pittsford portions, as being for a mobile home park. Upon such premise he found land value of $23,000 per acre, and, after applying the three accepted valuation approaches of market value, cost and income, arrived at a before-appropriation value of $1,400,000 for the entire property tract of claimants. In contrast, the State's appraiser, by virtue of the diverse zoning status of the Pittsford and Penfield parcels, found the highest and best use of the Pittsford parcel to be for light industrial purposes and the Penfield parcel as a mobile home park. With such highest and best use predicate, a land valuation of $17,000 per acre was utilized in determining both direct and consequential damages to the Pittsford parcel totaling $72,550, with no indirect or consequential damage found to have been sustained by the Penfield parcel. The trial court, for cogent reasons stated in its decision, found claimants' valuation evidence unpersuasive by reason of various unexplained, unfounded and excessive adjustment calculations in the various constituent components of the formulation utilized by claimants' appraiser. In arriving at its award, the trial court accepted the State's land valuation figure of $17,000 per acre in determining direct damages to the Pittsford parcel amounting to $54,500, plus easement and sign valuation damage to the Pittsford parcel of $2,550, together with a rational upward adjustment of indirect damages to the Pittsford parcel in the amount of $17,100. In addition, the trial court rejected the State's finding of no indirect damages to the Penfield parcel and found severance damage to that parcel in the unit amount of $1,000 per acre rounded off to $30,000, constituting a total award of $104,150. It is from such judgment award that claimants appeal. In appellate review of an appropriation award by the Court of Claims it is well established that the determination of value should not be disturbed when it is within the range of the expert testimony, unless it is defective by virtue of erroneous legal reasoning (*Brown v State of New York,* 53 AD2d 1079). Upon review of this record, we find that the determination and award of the trial court was within the range of expert testimony and without legal error. (Appeal from judgment of Court of Claims—appropriation.) Present—Cardamone, J. P., Simons, Mahoney, Dillon and Goldman, JJ.