■ In the Matter of the CITY OF ROCHESTER, Appellant-Respondent, Relative to Acquiring Title to Real Property for the Southeast Urban Renewal Project, in the City of Rochester. VIVIAN R. HENNEN, Respondent-Appellant.—Judgment unanimously modified and, as modified, affirmed, with costs to respondent Hennen. Memorandum: These are cross appeals from a judgment awarding respondent, Vivian Hennen, $64,800 for the appropriation on July 1, 1970 of a 3,200 square foot rectangular parcel of land located along the southside of Court Street between Chestnut Street and Broadway in the City of Rochester known as 367 Court Street. The City of Rochester appropriated this parcel pursuant to the Southeast Loop Urban Renewal Project. At the time of the taking the subject property was improved with a two-story brick and concrete block building in poor condition and without value. The petitioner city's appraiser, relying upon two comparable land sales, found that the value at the time of appropriation was $41,600 or $13 per square foot, less $4,000 for building demolition costs, for a total value of $37,600. Respondent's appraiser, relying upon six comparable land sales and emphasizing the considerable influence of economic and development trends in the vicinity of the subject, stated that the value of the property at the time of appropriation was $80,000 or $25 per square foot. Petitioner and respondent agreed that the highest and best use of the subject property was vacant land for commercial development. The trial court found that four of respondent's comparables were within a relatively short distance of the subject property and that respondent's adjustments were reasonable and not so excessive as to require a reduction and adopted respondent's $25 per square foot figure. The trial court also concluded that the city's appraiser improperly averaged two adjoining land sales *(Latham Holding Co. v State of New York,* 16 NY2d 41) and noted that these comparables were located outside the Southeast Loop district. However, using proper adjustments, it found that the adjusted sale price of this comparable was $22.66 per square foot or 91% of respondent's estimate of $25. While the Court of Appeals has held that "an expert cannot reach his result mechanically by the mere mathematical process of averaging from footage sales prices, of parcels having obvious differences one from another as denoted by their sales prices, without making adjustments for the prices of those that are more similar or dissimilar to the one in question" *(Latham Holding Co. v State of New York,* 16 NY2d 41, 46, *supra),* such holding should not be construed as an absolute proscriptive against averaging costs to arrive at a comparable price. An analysis of location, frontage, depth, improvements, date of purchase and price shows that petitioner's comparables VL-80 and 80A were contiguous, similar in character and together constituted a homogeneous area thus rendering them comparables subject to

adjustments with averaging *(Christiana v State of New York,* 39 AD2d 263, 265). The record reveals that the trial court adopted respondent's $25 per square foot value. This finding was partially based upon the trial court's incorrect conclusion that the city improperly averaged two adjoining land sales. We find and conclude that a more accurate reflection of the fair market value of the land at the time of the appropriation was $22.66 per square foot. The trial court found that all 3,200 square feet are not available to the subject owner. It awarded no compensation for 448 square feet thereof representing a 14-foot strip fronting on Court Street burdened by a street-widening restriction (Bartholomew Major Street Plan) reserved to the City of Rochester. Section 35 of the General City Law provides that no permit shall be issued to build in the mapped bed of a proposed street as shown on the official map or plan of the city, as provided in the "Bartholomew Major Street Plan" as amended. Section 35 of the General City Law, the official map and plan of the City of Rochester and the ordinances establishing the map and plan are constitutional *(Headley v City of Rochester,* 272 NY 197; *Rochester Business Inst. v City of Rochester,* 25 AD2d 97). The city had the power to plan for the future and insure development in conformity with a valid plan by imposing development restrictions on land that it intended to take at a future date in accordance with the plan. However, "the Ordinance and Statute cannot be used as a substitute for condemnation proceedings to defeat payment of just compensation by depressing values and thus reducing the amount to be paid for the fourteen feet when actually taken", notwithstanding the fact that "the delay of the city in appropriating this property will result in a greater cost to it of the land" *(Rochester Business Inst. v City of Rochester, supra,* p 103). Since the city appropriated all of respondent's parcel including the 14-foot street-widening reservation, the trial court erred in severing the 448 square foot frontage and ascribing no value to it. Because there is no evidence in the record to support a discount from the per square foot value found for the entire parcel with regard to the 448 square foot frontage, the judgment of $64,800 is modified upward $3,712, to reflect the appropriation of 3,200 square feet at $22.66 per square foot, less $4,000 demolition cost, amounting to $68,512. (Appeals from judgment of Monroe Supreme Court—condemnation.) Present—Marsh, P. J., Moule, Cardamone, Goldman and Witmer, JJ.