■ NEW YORK STATE URBAN DEVELOPMENT CORP., Appellant, v DAVID WANGER, Respondent.—Appeal from a judgment of the Supreme Court in favor of defendant, entered September 27, 1976 in Albany County, upon a decision of the court at a Trial Term, without a jury. The subject property is located at the southeast corner of the intersection of Maiden Lane and Lodge Street in the City of Albany. The property is approximately 2,373 square feet in size and is improved by a six-story brick and stone building. The trial court determined that the highest and best use of the subject parcel at the time of the taking was for office space and storage and, upon a further determination that the market data approach was the most reliable method of valuing the premises, concluded that the fair market value at the time of the taking was $172,000. This was the value that the defendant's expert reached by using the market data method. In our view the record fails to support the trial court's determination as to the highest and best use of the subject property and, accordingly, the judgment should be reversed and a new trial ordered. The record in the instant case reveals that the subject building is equipped with an antiquated elevator and lavatories which require significant repair or replacement. The building is not air-conditioned nor is it equipped with a sprinkler system. It has no loading platforms or docks and a truck backing up to its door would completely block off Maiden Lane. Additionally, there is no open parking nearby to facilitate the loading or unloading of merchandise. Both appraisers agreed that the trend in the area is to locate warehouse facilities in suburbs of Albany rather than in the city itself, while plaintiff's appraiser noted that there is no significant demand for storage space in downtown Albany. In six of the seven comparables used by defendant's appraiser, the building standing on the sold property was demolished. In three of these six the buildings razed had been used for storage. Finally, and of most significance, the subject building had remained *unused for 12 consecutive years* prior to the date of the taking. Although in an appropriation case "Evaluations and determinations reached *de novo* at the appellate level, amounting, in effect, to complete redeterminations of basic issues, are usually best avoided" *(Conklin v State of New York,* 22 AD2d 481, 483), nevertheless, "this court has the undoubted power to make new and appropriate findings and to render judgment thereon" *(id.,* p 482), particularly where the trial court "'failed to give conflicting evidence the relative weight which it should have'" *(New York State Urban Dev. Corp. v Goldfeld,* 50 AD2d 1068). In *Matter of City of New York (Shorefront High School—Rudnick)* (25 NY2d 146, 149), the Court of Appeals stated: "it must be established as reasonably probable that the asserted highest and best use could or would have been made of the subject property in the near future. (1 Orgel, Valuation Under Eminent Domain, p. 141.) A use which is no more than a speculative or hypothetical arrangement in the mind of the claimant may not be accepted as the basis for an award. *(Triple Cities Shopping Center v. State of New York,* 26 A D 2d 744, affd. 22 N Y 2d 683.)" We find that the claim asserted

herein, to which the trial court subscribed, that this antiquated structure which had been vacant for 12 years was best suited at the time of the taking for office space and storage was merely "a speculative or hypothetical arrangement in the mind of the claimant". Although defendant's appraiser, of course, painted a more sanguine picture of the condition and potential uses for the building, we conclude that the trial court " 'failed to give conflicting evidence the relative weight which it should have' " *(New York State Urban Dev. Corp. v Goldfeld, supra)*, in making its determination as to the highest and best use. We also conclude that plaintiff's appraisal is defective in its determination as to the property's highest and best use. Plaintiff's expert asserted, in using the market data approach to valuation, that the property could not be utilized of itself and could only be used for assemblage purposes. His appraisal and testimony, insofar as based upon this proposition, must be rejected. There is no evidence in this record that at the time of the taking parcels adjoining the subject premises would be available for assemblage. In *Matter of City of Rochester v Iman* (51 AD2d 651), confronted with a similar deficiency in proof as to the availability of neighboring parcels for joinder with the premises in question, the court found that the owners' appraisal therein rested upon speculation. Because the trial court adopted the defective appraisal of the owners, its decision was reversed and a new trial was granted. We note, in addition, that although the plaintiff's appraiser stated that the cost of razing the building was $35,000, this figure is unsubstantiated in the record. Because both appraisers based their reports and testimony upon faulty assumptions, we have no basis for making our own determination as to the proper award which should be received by the defendant. Judgment reversed, on the law and the facts, without costs, and a new trial ordered. Sweeney, J. P., Kane, Main, Larkin and Herlihy, JJ., concur.