■ CENTRAL SCHOOL DISTRICT No. 3 OF THE TOWNS OF CLAY, CICERO, SALINA AND DE WITT, ONONDAGA COUNTY, Respondent, v STATE OF NEW YORK, Appellant. (Claim No. 55139.)—Judgment modified, in accordance with memorandum, and as modified, affirmed, without costs. All concur, Goldman, J. not participating. Memorandum: The State appeals from a judgment awarding claimant $115,488 with interest for the appropriation of 4.812 acres of property located in the Town of Clay, Onondaga County, in June, 1970. The subject property was three contiguous parcels consisting of 27.012 acres with a 1,350 foot frontage on the south side of Taft Road. The State appropriated a triangular section from the west end of the property which covered the westerly 100 feet of the Taft Road frontage. Claimant's appraiser used three comparables, designated 1A–1L, 2 and 3, in ascertain-

ing a before value of the subject property of $30,000 per acre. Sale 1A–1L, which constituted a 51.51 acre assemblage, was located approximately three-quarters to one mile east of the subject along Taft Road in the Town of Cicero. This assemblage consisted of 12 parcels ranging in size from .201 to 43.6 acres and in value from $25,229 per acre to $149,254 per acre. The only adjustments made were a 10% upward adjustment for the subject's superior topography and a 10% downward adjustment to reflect the fact that the comparable was an assemblage. Claimant's appraiser's computed value for the subject using this comparable was merely the average price per acre of the 12 parcels or $29,855. Sales 2 and 3 were also an assemblage and part of an expansion sale. Sale 2 consisted of 3.45 acres which was sold in July, 1967 for $21,015 per acre. Sale 3 consisted of 2.174 acres which was sold in September, 1970 for $25,069 per acre. Claimant's appraiser adjusted each parcel downward 5% due to the fact that the sale was an assemblage. Upward adjustments of 20% for location and 10% for size and shape were also made. Furthermore, sale 2 was adjusted 18% upward and sale 3 was adjusted 2% downward for time. The foregoing adjustments produced an adjusted value of $30,051 per acre for sale 2 and $30,834 for sale 3. Based upon a per acre value of $30,000 and a total acreage amount of 27.278 for the subject property, claimant's appraiser arrived at a before value for the subject of $1,031,800 and an after value of $887,400 with total damages computed at $144,400. The State's appraiser also utilized three comparables, designated sales 1, 2 and 3, in ascertaining a before value of the subject property of $15,500 per acre. Sale 1 consisted of a 4.506 acre parcel sold in October, 1969 at a per acre value of $13,750. Sale 2 consisted of a 2.504 acre parcel sold during the same month and year at a per acre value of $15,975. Both parcels were located on the north side of Taft Road approximately three quarters of a mile east of the subject. Sale 3 consisted of a 5.4 acre parcel sold in July, 1971 at a per acre value of $14,000. This parcel was located on the south side of Taft Road approximately one mile east of the subject. No adjustment was made by the State's appraiser to any of these comparables. Based upon a per acre value of $15,500 and a total acreage amount of 27.012 for the subject property, the State's appraiser arrived at a before value for the subject of $418,700 and an after value of $344,100, with total damages computed at $74,600. In its decision the Court of Claims stated that with respect to claimant's assemblage sale 1A–1L the 10% downward adjustment for assemblage was not sufficient to reflect the disparate prices paid for the 12 parcels and the retained building improvements which were located thereon. Additionally, it held that with respect to claimant's sales 2 and 3, an adjustment should have been made for motivation and that the 20% upward adjustments for location were too large. With respect to the State appraiser's comparable sales 1 and 2, the court stated that upward adjustments for location should have been made and that with respect to sales 1, 2 and 3, upward adjustments for size were necessary. Furthermore, it determined that all comparable sales utilized by both appraisers should have received a 6% per annum time adjustment. Although failing to indicate what precise adjustments should have been made where otherwise indicated, the court computed a before value for the subject property of $24,000 per acre. Accordingly, it found a total before value for the subject property of $648,288. The court agreed with both appraisers that the appropriation resulted in no consequential damages. It, therefore, fixed the total after value at $532,800 with damages computed at $115,488. Initially, we reject the utilization of claimant's appraiser's assemblage sale 1A–1L as an appropriate comparable. The disparate prices and sizes of the

parcels contained therein render this assemblage totally inappropriate and unrepresentative of the true value of the subject. The only adjustments made by claimant's appraiser were a 10% upward adjustment for the subject's superior topography and a 10% downward adjustment to reflect the fact that the comparable was an assemblage. No adjustment was made to account either for differences between the subject and the individual parcels constituting the assemblage or for differences between the various parcels comprising the assemblage (Latham Holding Co. v State of New York, 16 NY2d 41, 45–46; see Christiana v State of New York, 39 AD2d 263, mot for lv to app den 31 NY2d 645; Matter of City of Rochester [Hennen], 56 AD2d 719). The Court of Claims found that with respect to this comparable the 10% downward adjustment for assemblage was not sufficient to reflect the disparate prices paid for the 12 parcels and the retained building improvements located thereon. However, the court failed to indicate what adjustments it made to the assemblage in modifying claimant's appraiser's final $30,000 per acre valuation to $24,000. In our opinion, the court erred in considering this assemblage as a comparable. We nevertheless find that there is sufficient evidence in the record to permit this court to adjust the award made by the Court of Claims (Latham Holding Co. v State of New York, 16 NY2d 41, 44, supra). Accordingly, we make the following findings. With respect to claimant's sales 2 and 3, we find that inasmuch as these sales were also part of an assemblage and that the 20% upward adjustments for location were too large, claimant's adjusted values for the subject based upon these comparables must be reduced. Therefore, we accept the Court of Claim's $24,000 per acre final adjusted value for the subject as the adjusted value for these comparables. Finally, with respect to the State's comparables, upward adjustments of 10% for size as well as time adjustments of 6% per annum should be applied. Based upon these adjustments, an adjusted value of $15,675 per acre is computed for sale 1, $18,211 for sale 2 and $14,490 for sale 3. Utilizing claimant's sales 2 and 3 and State sales 1, 2 and 3, these five comparables produce adjusted values for the subject of $24,000, $24,000, $15,675, $18,211 and $14,490 respectively. Based upon these adjusted values, we find a before taking value of the 27.012 acres of the subject to be $19,000 per acre. This figure yields a total before taking value of the subject of $513,228 and a total after taking value of $421,800. The resultant damages from the appropriation, therefore, amount to $91,428. (Appeal from judgment of Court of Claims—appropriation.) Present—Marsh, P. J., Moule, Dillon, Goldman and Witmer, JJ.