■ WEST SENECA CENTRAL SCHOOL DISTRICT, Respondent-Appellant, v STATE OF NEW YORK, Appellant-Respondent. (Claim No. 57892.)—Judgment unanimously affirmed, without costs. Memorandum: The trial court determined that the highest and best use of claimant's residentially zoned vacant land before this partial taking was for school purposes. It is well settled that a "use which is no more than a speculative or hypothetical arrangement in the mind of the claimant may not be accepted as the basis for an award" *(Matter of City of New York [Shorefront High School—Rudnick],* 25 NY2d 146, 149). There must be a reasonable probability that the asserted highest and best use "could or would have been made within the reasonably near future *(Matter of City of New York [Wilson],* 21 A. D. 2d 652, 653, affd. 16 N. Y. 2d 814)" *(Matter of City of New York [Broadway Cary Corp.],* 34 NY2d 535, 536). Here claimant's appraiser used both residential and school sales as comparables in determining fair market value before the taking. His comparable sales, therefore, are not fully compatible with the projected use for school purposes. While the expert intended the residential purposes to be secondary, his valuation is nevertheless based on a mixed highest and best use. Claimant's expert's approach thus indicates that the highest and best use was not solely for school purposes (cf. *Matter of Liere v State of New York,* 39 AD2d 980). In these circumstances, and in view of the limited proof concerning the extent of the planning for the use of the subject for school purposes (see *City of New York [Shorefront High School —Rudnick], supra),* we conclude that the highest and best use of the subject was for residential development. However, since the award of the trial court is within the range of value established by the experts, based only upon a consideration of residential comparables, it should not be disturbed (see *Brown v State of New York,* 52 AD2d 1079). Likewise, the trial court's assessment of consequential damages based upon irregularity of shape coupled with limited access, finds adequate support in the record and need not be upset (see *Greco v State of New York,* 39 AD2d 631). We have considered the remaining contentions of the parties and have found them to

lack merit. (Appeals from judgment of Court of Claims—appropriation.) Present—Marsh, P. J., Dillon, Hancock, Jr., Denman and Witmer, JJ.