■ S. ROBERT SCHEUR, as Trustee under the Will of NATHAN SCHEUR, Deceased, Respondent, v STATE OF NEW YORK, Appellant. (Claim No. 59172-A.) (Appeal No. 1.)—Judgment unanimously affirmed, with one bill of costs to respondents. Memorandum: The State appeals from two judgments of the Court of Claims which granted claimants, respectively, $265,262.57 and $626,971.78 for the appropriation of two pieces of real property in connection with the construction of the Niagara Frontier Transportation Authority Transportation Center in the City of Buffalo. The court correctly valued the properties as a single tract based upon the unity of ownership (*Kessler v State of New York*, 21 AD2d 568) and there is no dispute that the highest and best use of the subject property was as an assemblage of cleared vacant land for commercial development. The evidence amply established a reasonable probability that the property would be put to such use in the near future (*Matter of City of New York [Broadway Cary Corp.]*, 34 NY2d 535; *Matter of City of New York [Shorefront High School—Rudnick]*, 25 NY2d 146, 149; *Triple Cities Shopping Center v State of New York*, 26 AD2d 744, affd 22 NY2d 683; *Hewitt v State of New York*, 18 AD2d 1128), notwithstanding the claimants' appraiser's opinion that the subject property could continue its current use for a brief interim period while development plans were finalized. In this regard the State's reliance upon *Liere v State of New York* (39 AD2d 980) is misplaced. In *Liere*, unlike the case at bar, there was evidence that the market for the subject property at its proposed highest and best use would not come into being for several years. Moreover, consistent with its finding of highest and best use, the court here properly deducted from the award for the land the cost of demolishing the existing structures. The court was incorrect in determining that the subject parcels, constituting 80% of a city block, had the highest and best use as an assemblage with two other properties, making up the balance of the block. There was no probative evidence to support the conclusion that the other properties were available to form an assemblage with the subject parcels (see *Matter of City of Rochester v Iman*, 51 AD2d 651). We find the error insignificant, however, because it did not demonstrably affect the ultimate result (see *West Seneca Cent. School Dist. v State of New York*, 60 AD2d 760). In reaching their respective opinions concerning value, the appraisers for both the claimants and the State used the market data approach. The court improperly rejected the State appraiser's valuations of comparable assemblage sales L-2 and L-4 since the individual parcels which made up assemblage comparables L-2 and L-4 were contiguous and sufficiently similar in character to constitute a homogeneous area for averaging purposes (see *Matter of City of Rochester [Hennen]*, 56 AD2d 719; *Christiana v State of New York*, 39 AD2d 263, 265). Nevertheless, the seven individual sales which comprised comparables L-2 and L-4 were also claimants' Comparable

Sales Nos. 1 through 7 which the court used as comparables in determining the subject property's market value. These unit sales were adjusted by the court for size, utility, and time, in a manner consistent with approaches recommended by the State's appraiser. Consequently, although the court's determination was not entirely free of error, its valuation of the subject property should not be disturbed, because it is essentially fair, reasonable and within the range of the conflicting expert testimony *(Levin v State of New York,* 13 NY2d 87, 92-93; *West Seneca Cent. School Dist. v State of New York, supra; Glazer v State of New York* 54 AD2d 1077; *Brown v State of New York,* 52 AD2d 1079; *Chiarulli v State of New York,* 49 AD2d 677; *Miller Paper Co. v State of New York,* 34 AD2d 880). (Appeal from judgment of Court of Claims—appropriation.) Present—Marsh, P. J., Cardamone, Simons, Dillon and Schnepp, JJ.