■ JOHN A. RYAN et al., Respondents, v STATE OF NEW YORK, Appellant. (Claim No. 59234.)—Judgment unanimously affirmed, with costs. Memorandum: The State appeals from a judgment of the Court of Claims which awarded claimants $56,360 plus interest as compensation for the total appropriation of land and buildings pursuant to section 30 of the Highway Law and section 1299-ii of the Public Authorities Law for the Rochester-Genesee Regional Transportation Authority expansion of maintenance and storage facility in the City of Rochester, New York. The subject premises, an improved corner lot with a frontage of 50.33 feet on East Main Street and a 90-foot frontage on Gertrude Street for a total area of 4,530 square feet, contained a two-story masonry building housing a tavern and two apartments, an abutting two- and one-half story frame structure with two apartments and a detached garage, and was purchased by claimants in 1962 for $30,000. The tavern was extensively remodeled including new fixtures, bar, flooring, entrance, wiring and plumbing. There were also renovations of the apartments which included kitchen appliances, bathroom fixtures, new flooring and wallpaper. The State accepts the determination that the subject land had a valuation of $9,060 and land improvements of $300 but disputes the finding of $47,000 as the value of the building improvements. The State contends that the court by expressly or impliedly rejecting claimant's appraisal was required either to adopt the State appraisal or provide an explanation for its findings based upon facts in the record. Claimants maintain that the income approach in their appraisal was retained and utilized by the court and that the valuation was proper. At issue then is whether the award for the buildings was within the range of evidence or supported by other evidence with sufficient explanation by the court. While

the court rejected the cost approach of claimants' appraiser and substantially rejected the market data approach, it is readily apparent that the court adopted the income approach and upon the credible evidence established the value of the building improvements to be $47,000. The record discloses that the determination of gross income in the income approaches of both appraisers differs only in that (1) claimants' appraiser found that the fair rental value of the tavern was $600 per month while the State's appraiser stated that it was $450 per month; (2) claimants' appraiser valued the son's apartment rental at $175 per month while the State's appraiser utilized a figure of $140 per month; (3) claimants' appraiser assumed a 5% vacancy rate while the State's appraiser assumed a 10% vacancy rate. The expenses also differ but the State's expense figures are lower. While actual rent may be the best indicator of value, it is merely a factor to be considered in determining rental value (*Motsiff v State of New York*, 32 AD2d 729, affd 26 NY2d 692). The court found that the rental of the tavern and apartment to claimants' son was at less than the market value and made an upward adjustment which is amply supported by the evidence. On review, we find that the improvements were valued within the range of the reasonable testimony. Using the stabilized rental income with the adjustment for tavern and apartment rental, the expense figure generated by the State's appraiser and a 14% capitalization rate, the rationale behind the court's determination is apparent. What rate of capitalization should be used is a factual question (*Diocese of Buffalo v State of New York*, 18 NY2d 41), which will be upheld if within the range of testimony and supported by the record even if the court did not supply an explanation of its reasoning (*Kommit v State of New York*, 60 AD2d 945; *Matter of City of Rochester v Iman*, 51 AD2d 651; cf. *Matter of City of New York [Oceanview Terrace]*, 42 NY2d 948). The court viewed the property and made its findings upon the credible evidence which are within the range of reasonable testimony and should not be disturbed (*Scheur v State of New York*, 65 AD2d 921; *Onondaga Sav. Bank v Cale Dev. Co.*, 63 AD2d 415). (Appeal from judgment of Court of Claims—appropriation.) Present—Dillon, P. J., Schnepp, Callahan, Witmer and Moule, JJ.