◼ In the Matter of ROGER ACKLEY, Petitioner, v BARBARA BLUM, as Commissioner of the New York State Department of Social Services, et al., Respondents.—Petition granted and determination unanimously annulled, without costs. Memorandum: This is a proceeding brought pursuant to CPLR article 78 to review, vacate and annul respondents' determination rendered after a fair hearing, which affirmed a determination of the Monroe County Department of Social Services discontinuing petitioner's public assistance grant and imposing a 30-day sanction upon a finding that petitioner failed, without good cause, to accept manpower services and seek certification for vocational or rehabilitation training. Petitioner has been a recipient of public assistance from the Monroe County Department of Social Services in the category of home relief since September, 1975. Without referral from the agency he voluntarily sought assistance at the Office of Vocational Rehabilitation and under their auspices attended Rochester Institute of Technology. He terminated his schooling in December, 1977 without having obtained a degree but continued to seek assistance from the Office of Vocational Rehabilitation in an effort to locate employment. In June, 1978 the Office of Vocational Rehabilitation sent petitioner a letter advising him to report to its office or to make an appointment to report. He did neither. The Office of Vocational Rehabilitation then closed petitioner's case because of his failure to make an appointment, a necessary condition for his continued eligibility for public assistance. Petitioner requested a fair hearing. The only proof offered at the hearing was inter and intra agency communications which had to do with petitioner's case and the fact that he did not respond to the June, 1978 letter. The fair hearing representative for Monroe County Department of Social Services gave hearsay and conclusory testimony. He spoke with a supervisor at the Office of Vocational Rehabilitation, not to petitioner's counselor. The agency offered no proof that it had advised petitioner that his participation in Office of Vocational Rehabilitation programs was a necessary prelude to receipt of public assistance benefits or that petitioner was aware of this requirement. Petitioner's testimony, uncontroverted, was that no one at the Office of Vocational Rehabilitation or the Monroe County Department of Social Services told him that if he failed to keep an appointment his public assistance would be terminated. Local social services departments are required to advise every

person who applies for public assistance of the eligibility requirements for public assistance (18 NYCRR 355.1 [a]). Respondents failed to do this. "In view of petitioner's affirmative testimony and evidence adduced at the hearing, the respondent's determination cannot be said to rest upon substantial evidence. Nor, can it be said that petitioner was afforded a fair hearing under principles enunciated in *Goldberg v. Kelly* (397 U.S. 254) and *Matter of 125 Bar Corp. v. State Liq. Auth.* 24 N Y 2d 174)" *(Matter of Privitera v Lavine,* 45 AD2d 915). (Article 78 proceeding transferred by order of Monroe Supreme Court.) Present—Dillon, P. J., Cardamone, Simons, Doerr and Witmer, JJ.