■ NEW YORK STATE URBAN DEVELOPMENT CORPORATION, Respondent, v DAVID WANGER, Appellant. — Appeal from a judgment of the Supreme Court in favor of defendant, entered March 16, 1981 in Albany County, upon a decision of the court at Trial Term (Klein, J.), without a jury. Plaintiff acquired by eminent domain certain premises owned by defendant. The property, located at the southeast corner of the intersection of Maiden Lane and Lodge Street in the City of Albany, was 2,373 square feet in size and was improved by a six-story brick and stone building that had been unused for 12 years prior to the date of the taking. Following the first trial, in 1976, the trial court found the highest and best use of the subject property to be for office space and storage, and determined that the value of the property at the time of the taking was $172,000. This court reversed and ordered a new trial, concluding that the record failed to support the trial court's determination as to highest and best use (*New York State Urban Dev. Corp. v Wanger,* 58 AD2d 955). The basis for this holding lay in the evidence concerning the state of disrepair of the building. In addition to the lack of use for 12 years prior to the taking, this court noted that the elevator and lavatories were inoperable, that there was no sprinkler system or air conditioning, and that there were no facilities for loading or unloading. This court also rejected as unsupported by the evidence the opinion of plaintiff's appraiser that the property could only be used for assemblage purposes. Finally, it was noted that the cost of razing the building given by plaintiff's appraiser was unsubstantiated in the record. On retrial, the parties' experts were in general agreement that the highest and best use of the property was for commercial purposes. They also agreed that in its present state the building was virtually useless. Here, they parted company, however, with plaintiff's expert contending that the building was a detriment to the land, while defendant's expert was of the view that it was economically feasible to rehabilitate the building for commercial purposes. The trial court adopted the opinion presented by plaintiff's expert and awarded defendant $97,295 as the value of the land less $13,800 as the cost of razing the building, for a total award of $83,495. On appeal defendant does not take issue with the trial court's finding as to highest and best use or as to the value of the land. Rather, he contends that the court erred in finding that rehabilitation of the building was not economically feasible. Since on retrial the trial court was free to make whatever findings were supported by the proof, this court's prior decision is not the law of the case on the factual issues. Since the record supports the trial court's findings, there must be an affirmance. Defendant's argument rests solely upon his attack on the opinion rendered by plaintiff's expert witness. The witness was clearly qualified as an expert. In support of his opinion that rehabilitation of the building was not economically feasible, plaintiff's expert testified as to the extensive and expensive work necessary to rehabilitate the building for commercial purposes. Detailed breakdowns of the costs for making the building usable for commercial purposes appear in two feasibility studies in his appraisal report. He also testified as to the demand for commercial space in downtown Albany and the income that could be generated, concluding that the return was not attractive enough to justify the capital expenditure. Defendant contends that much of the work referred to by plaintiff's expert would not be necessary to rehabilitate the building and that

the costs used by the expert were excessive. These factual arguments were rejected by the trial court when he adopted the opinion of plaintiff's expert. Since the expert's opinion has a rational basis in the record, there is no reason to disturb the trial court's decision to adopt that opinion. Indeed, as noted by the trial court, defendant's expert's contrary opinion, that the building could be inexpensively renovated and economically used for commercial purposes, is incredible in view of defendant's failure to make any attempt to use the building for 12 years prior to the taking. Judgment affirmed, without costs. Mahoney, P. J., Main, Casey, Mikoll and Yesawich, Jr., JJ., concur.